## *Ex Parte* SWANN.

1. **Local Option Law, Constitutionality of.** The local option law is not a local or special law, nor is it a delegation of legislative power to the people voting on its adoption. (*State ex rel. v. Pond*, 93 Mo. 606, *affirmed*).

2. ———. Nor does said local option act contravene the provision of the constitution (art. 4, sec. 53) which prohibits the general assembly from indirectly enacting a special or local law by the partial repeal of a general one.

3. **Local Option Law:** EFFECT OF ADOPTION : DRAM-SHOP LAW. The legal effect of the adoption of the local option law is to suspend the operation of the dram-shop law in the locality in which the former has been adopted, so long as it remains in force.

4. ——— : ——— : DRUGGIST LAW. The eighth section of the local option act in express terms provides that nothing in the act shall be so construed as to prevent the sale of wine for sacramental purposes, or to prevent licensed druggists or pharmacists from furnishing pure alcohol for medical, art, scientific, and mechanical purposes. It does not interfere in the least with the druggist and pharmacist law, as the latter stands amended by the act of March 29, 1883.

5. ——— : FEDERAL CONSTITUTION. The local option law does not contravene section one, article fourteen, of the federal constitution, which declares that "no state shall deny to any person within its limits the equal protection of the law."

6. ——— : PENALTIES : STATE CONSTITUTION. The penalties prescribed by the local option act are not violative of the state constitution, on the grounds that they are excessive, cruel, or unusual.

*Habeas corpus.*

PRISONER REMANDED.

*Gage, Graves & Aull* for petitioner.

(1) The provisions of this act contravene section twenty-five, article two, of the bill of rights of the state of Missouri, which provides "that excessive bail shall not be required nor excessive fines imposed, nor cruel and unusual punishment inflicted." Also article eight of the amendments to the constitution of the United States, which provides that "excessive bail shall not be required nor excessive fines imposed, nor cruel and unusual punishment inflicted." It inflicts punishment different from and in excess of that prescribed by the "Downing act," which is the law of the land. Cooley's Const. Lim. [5 Ed.] 432 ; *Wally v. Kennedy,* 2 Yerg. 554 ; *Bull v. Conroe,* 13 Wis. 233 ; *Norton v. State,* 3 South. Rep. 665; *Longbridge v. State,* 3 South. Rep. 667 ; *Geebrick v. State,* 5 Clarke [Iowa] 491. (2) This act is local or special. It affects only the counties or cities adopting it, and only operates therein. The Downing law and the pharmacists' and druggists' act are in force throughout the state save wherein their operation is suspended by the adoption of this act. Potter's Dwar. 52, 53. To the same effect see 1 Kent Com. 459, 460 ; 1 Blackst. Com. 85, 86 ; Sedgwick on Stat. and Const. Constr. 529 ; *People v. Supervisors,* 43 N. Y. 10. See also cases cited in point 1, *supra; Earle v. Board,* 55 Cal. 489 ; *State v. The Judges,* 21 Ohio St. 11 ; *State v. Toole,* 71 Mo. 650 ; *City v. Clark,* 68 Mo. 589. (3) The force and effect of this act is to repeal two general laws, *i. e.,* the "Downing Law" and the "Pharmacists' and Druggists' Law" in counties and cities where adopted. See cases cited in point 1, *supra; State ex rel. v. Heidorn,* 74 Mo. 410 ; *Railroad v. County,* 53 Mo. 28 ; *Gorman v. Hammond,* 28 Geo. 85 ; *Mullen v. People,* 31 Ill. 444 ; *State v. Horsey,* 14 Ind. 185 ; *State v. Pierce,* 14 Ind. 302 ; *Flaherty v. Thomas,* 12 Allen, 428 ; *State v. Smith,* 7 Clark [Ia.] 244 ; *People v. State,* 32 Barb.

102 ; *State v. Stoll*, 2 Rich. [N. S.] 538. For if this be
not so, both laws being in force in a given county, a vio-
lation of one constitutes a violation of the other, and
thereby the offender would be subjected to two criminal
prosecutions contrary to section twenty-three, article
two, of the bill of rights. (4) Therefore this act contra-
venes section fifty-three, article four, of the constitution
of Missouri, which provides, "In all other cases where a
general law can be made applicable, no local or special
law shall be enacted. * * * Nor shall the general
assembly indirectly enact such special or local law by
the partial repeal of a general law." Cooley's Const.
Lim. [5 Ed.] 484 ; *Davison v. Johonot*, 7 Met. [Mass.]
393, and cas. cit. (5) This law contravenes section one,
article fourteen, amendment of the constitution of the
United States, which provides, "Nor shall any state
deprive any person of life, liberty, or property, without
due process of law, nor deny to any person within its
jurisdiction the equal protection of the law." Because
the violation of this law in a county wherein it is in
force is visited with a greater punishment than could be
inflicted for a violation of the "Downing Law" and the
"Pharmacists' and Druggists' Law," which are the gen-
eral law of the land, save where abrogated by the adop-
tion of the "Wood Law." *Ah Kow v. Nunan*, 5 Saw.
552 ; *Pierson v. Portland*, 69 Me. 278 ; *State v. Hays*, 81
Mo. 586 ; *Ward v. Flood*, 48 Cal. 51. (6) If the law be
unconstitutional for any of the foregoing reasons, the
court will entertain jurisdiction of this proceeding. *Ex
parte Page*, 49 Mo. 291 ; *Feelig's case*, 12 Cush. 598 ;
*Ex parte Bethurum*, 67 Mo. 545 ; *People v. Ruff*, 3
Parker [C. R.] 216 ; *Ex parte Marmaduke*, 91 Mo. 228 ;
*Ex parte Burnett*, 30 Ala. 461 ; *Ex parte Slater*, 72
Mo. 102 ; *Gurney v. Gufts*, 37 Me. 130 ; *Ex parte
McDonald*, 19 Mo. App. 370 ; *Ex parte Gibson*, 31 Cal.
619. (7) This act is void, because it delegates to the
people the power of legislation. *Lammert v. Lidwell*,

62 Mo. 188 ; *State v. Field*, 17 Mo. 529 ; Cooley's Const. Lim. [5 Ed.] 139 ; *Rice v. Foster*, 4 Har. [Del.] 479 ; *Parker v. Commonwealth*, 6 Pa. St. 507 ; *Gibson v. Mason*, 5 Nev. 283 ; *State v. Court*, 36 N. J. Law, 72 ; *State v. Geebrick*, 5 Iowa, 491 ; *State v. Weir*, 33 Iowa, 134 ; *State v. Morris*, 36 N. J. L. 72.

*B. G. Boone*, Attorney General, and *Champ Clark*, Prosecuting Attorney of Pike County, *contra*.

(1) This court, at an early day, declared the retail liquor traffic to be "a demoralizing and pauper-making business," and a mere privilege, and that, in determining the extent to which the privilege goes, the law should be strictly construed against the traffic. *Schmidt v. State*, 14 Mo. 137, and cases cited. (2) This court has decided : "The state has the right, in the exercise of its police power, to prohibit the sale of intoxicating liquors without license." *State ex rel. v. Hudson*, 78 Mo. 302 ; *Austin v. State*, 10 Mo. 591 ; *State v. Lemp*, 16 Mo. 389 ; *State v. Searcy*, 20 Mo. 489. (3) This court has affirmed the constitutionality of "The Wood Local Option Law," with the exception of the ninth section—on which no opinion was expressed. *State ex rel. v. Pond*, 93 Mo. 606. (4) The local option law does not violate any provision of the constitution of the United States, or any amendment thereto. This proposition is establishsd and sustained by a long line of decisions. *Houston v. Moore*, 5 Wheat. 1 ; *Barron v. Baltimore*, 7 Pet. 243 ; *New York v. Miln*, 11 Pet. 102 ; *Pervear v. Massachusetts*, 5 Wall. 475 ; *Slaughter House cases*, 16 Wall. 36–130 ; *Wilkinson v. Utah*, 9 Otto, 130–137 ; *Bowman v. Lewis*, 11 Otto, 22–23 ; *Barbier v. Connelley*, 113 U. S. 31 ; *Hayes v. Missouri*, 120 U. S. 68–72 ; *Schmidt Bros. v. Cobb*, 119 U. S. 286–295 ; *Bartemeyer v. Iowa*, 18 Wall. 129 ; *Beer Co. v. Massachusetts*, 97 U. S. 25 ; *Foster v. Kansas*, 112 U. S. 205 ; *United States v. Cruikshank*, 2 Otto, 542–569 ; Cooley's Const. Lim. [2 Ed.] 397, 581–584 ; *Mugler v.*

*Kansas*, 123 U. S. 623 ; *State v. Shricker*, 29 Mo. 265 ; *Railroad v. Maguire*, 49 Mo. 490 ; *State v. Ebert*, 40 Mo. 186 ; *License Tax cases*, 5 Wall. 471 ; *Livingston v. Moore*, 7 Pet. 551 ; *Twitchell v. Commonwealth*, 7 Wall. 321 ; *Kelly v. Illinois*, 104 U. S. 78 ; *Presser v. Illinois*, 116 U. S. 252, 265 ; *Shies v. Illinois*, 123 U. S. 131, and cases cited. (5) The penalty, as prescribed by section nine, is not cruel and unusual, and the fine is not excessive within the meaning of section twenty-five, article two, constitution of Missouri. *State v. Williams*, 77 Mo. 310 ; *James v. Commonwealth*, 12 Serg. and Rawle, 220 ; *Commonwealth v. Hitchings*, 5 Gray, 482 ; *Pervear v. Massachusetts*, 5 Wall. 475 ; *State v. Miller*, 94 N. C. 904. This North Carolina case was one, "where defendant kept a retail liquor-shop, in which he suffered games of cards to be played for money and articles of value ; held, that a fine of two thousand dollars and imprisonment for thirty days and thereafter, until the fine and costs are paid, is not excessive punishment." Cooley's Const. Lim. (2 Ed.) 328-330. (6) The chief objection urged against the local option law is, that in different localities in the state there are or may be different penalties, and unequal for illegally selling intoxicating liquors. Where the Wood law is in force the punishment is "by a fine of not less than three hundred dollars, nor more than one thousand dollars, or by imprisonment in the county jail not less than six months, nor more than twelve months, or by both such fine and imprisonment;" but, in places where the Wood law has not been adopted, the punishment consists of a fine ranging from forty to two hundred dollars ; *provided*, the criminal is not a licensed druggist and does not fall within any of the other exceptions to the common rule. The decisions of the supreme court of the United States above cited, abundantly prove that a state law which "affects all citizens alike within a given locality

or district or territory," is not in conflict with the constitution of the United States in general, and the fourteenth amendment in particular; and the following cases show conclusively that the fact of there being different penalties in different localities or counties in Missouri for the same offense does not render the Wood law unconstitutional. *Hayes v. Missouri*, 120 U. S. 68–72; *State v. Hayes*, 88 Mo. 344; *Bowman v. Lewis*, 11 Otto, 22–23; *Rutherford v. Heddens*, 82 Mo. 388; *Kelley v. Meeks*, 87 Mo. 396; Laws of 1881, pp. 69, 70 and 71; Laws of 1885, pp. 63, 64. (7) At the very time this local option law was enacted there was not even the semblance of uniformity and equality in the laws and punishments regarding the illegal traffic in intoxicating liquors.

BLACK, J.—The act of April 5, 1887, entitled "An act to provide for the prevention of the evils of intemperance by local option," etc., was adopted, by a majority vote, as the law of all that part of Pike county outside of the city of Louisiana, a city of more than twenty-five hundred inhabitants.

Public notice of the result of the election was duly given. Thereafter the petitioner Flem Swann was, by a justice of the peace, found guilty of selling intoxicating liquors in violation of the law. The justice assessed the punishment at a fine of three hundred dollars and three hundred and sixty-five days imprisonment in the county jail, and until said fine and costs were paid. The petitioner seeks to be discharged from imprisonment under the commitment by the writ of *habeas corpus*. The questions presented arise upon a demurrer to the return made to the writ by the keeper of the jail.

Some of the questions sought to be made under the general grounds of the demurrer were determined in the recent case of the *State ex rel. v. Pond*, 93 Mo. 606.

Besides holding that the act was not a delegation of legislative power, it was there held that the act was not in conflict with that portion of section fifty-three, article four of the constitution, which provides : "In all other cases where a general law can be made applicable, no local or special law shall be enacted." We adhere to what is there said in respect of both of these questions·

It is now said the act violates that clause of the same section and article of the constitution which declares : "Nor shall the general assembly indirectly enact such special or local law by the partial repeal of a general law," because it operates as a suspension or repeal of the "dram-shop law," and the "druggists' and pharmacists' law," both of which are general laws of the state. The dram-shop law, as amended by the act of 1883, in its general scope, regulates the traffic in intoxicating liquors. When the act in question is adopted by a majority vote, it becomes unlawful to sell or barter in any manner any kind of intoxicating liquors. The one law regulates the sale, the other prohibits it altogether, and it is also provided by the seventh section of the act of 1887, that when an election has been held and a decision had either "for" or "against" the sale of intoxicating liquors, the question shall not be again submitted within four years. It is plain that the two laws cannot be in force in the same locality at the same time, so far as the sale of intoxicating liquors is concerned. The legal effect of the adoption of the act of 1887 is to suspend the operation of the dram-shop law in the locality where the former has been adopted, so long as it remains in force. But it does not follow from all this that the law violates the provision of the constitution last quoted. If it is not a "local or special law," as was held in the case last cited, then the enactment of it is not the enactment of a "special or local law" by the partial repeal of a general law. It remains a general law within the meaning of the constitution, though it does

suspend the operation of another general law in the counties and localities where adopted.

The eighth section of the act of 1887 in express terms provides that nothing in the act shall be so construed as to prevent the sale of wine for sacramental purposes, nor to prevent licensed druggists or pharmacists from furnishing pure alcohol for medical, art, scientific and mechanical purposes. It does not, it is plain to be seen, interfere in the least with the "druggists' and pharmacists' law," as that law stands amended by the act of March 29, 1883. Acts, p. 89.

A further objection to the statute is, that it contravenes section one of article fourteen of the constitution of the United States, which declares that no state shall " deny to any person within its jurisdiction the equal protection of the law." Our statute, which allows the state fifteen peremptory challenges in capital cases in cities having over one hundred thousand inhabitants, whilst elsewhere the state is allowed only eight peremptory challenges, was assailed in *Hayes v. Missouri*, 120 U. S. 68, as being in conflict with the above prohibitions upon state legislation. The supreme court of the United States then said : This amendment "does not prohibit legislation which is limited either in the objects to which it is directed or by the territory within which it is to operate. It merely requires that all persons subject to such legislation shall be treated alike, under like circumstances and conditions, both in the privileges conferred and the liabilities imposed." And again it was said in *Missouri v. Lewis*, 101 U. S. 30, speaking of the same constitutional provision : " It contemplates persons and classes of persons. It has no respect to local and municipal regulations that do not injuriously affect or discriminate between persons or classes of persons within the place or municipalities for which such regulations are made."

The law in question applies alike to all persons

within the territory or locality where it is adopted. There is no discrimination whatever in favor of or against persons or classes of persons within such territory. They are all treated alike. It is true the penalties for violating this law are not the same as those for violating the dram-shop law. They are, indeed, not the same offenses. In the one case the offense is the violation of a law which allows and regulates traffic in intoxicating liquors as a beverage, and in the other case the offense is for selling such liquors where the sale of it is prohibited by law. But aside from this the law makes no discrimination as to persons in the territory where it takes effect, and that is enough to show that it in no way contravenes the section of the constitution of the United States before quoted.

For a violation of the law in question the punishment is fixed at a fine of not less than three hundred nor more than one thousand dollars, or by imprisonment in the county jail not less than six nor more than twelve months, or by both such fine and imprisonment. The fine imposed in this case, and the imprisonment inflicted is within the statute, and we cannot say that the fine is excessive or the punishment cruel or unusual within the prohibition of section twenty-five, article two, of the state constitution. This court held, in *State v. Williams*, 77 Mo. 311, that imprisonment in the penitentiary for two years for obtaining money by false or fraudulent representations was not cruel and unusual. The usual punishment for the violation of such statutes is a fine or imprisonment, or both.

The demurrer to the return is overruled and the petitioner remanded to the custody of the jailer of Pike county. RAY, J., absent; SHERWOOD, J., dissents. The other judges concur.