STATE OF MISSOURI, Respondent, v. ROBERT N. WILLIAMS, Appellant.

Kansas City Court of Appeals, December 2, 1889.

Local Option: DRUGGIST'S LAW NOT REPEALED BY. The local option law does not, in counties where it is adopted, repeal the druggist and pharmacist law as to the sale of intoxicating liquors.

*Appeal from the Clinton Circuit Court.*—HON. J. M. SANDUSKY, Judge.

REVERSED.

*Thos. J. Porter*, for the appellant.

(1) "In construing an instrument, the true intention of the framers is to be considered, and when necessary, the strict letter of the act, instrument or law must yield to the manifest intent." *Riddick v. Governor*, 1 Mo. 147 ; *State v. Emmerson*, 39 Mo. 80 ; *State v. Krug*, 44 Mo. 283. "The law does not favor the repeal of a statute by implication." (2) "A legislative attempt to repeal by a subsequent act will not be assumed if any other construction can be given to the subsequent act ; to supplant a previous one, the subsequent act must be clearly repugnant." *State v. Sleeper*, 47 Mo. 29 ; *State v. Macon Co. Ct.*, 41 Mo. 453 ; *St. Louis v. Insurance Company*, 47 Mo. 146 ; *State v. Fiala*, 47 Mo. 310. (3) Courts will not adopt a construction which will render an act obnoxious to constitutional objections, if it will admit of a construction consistent with the constitution. *State ex rel. v. Finn*, 8 Mo. App. 341. (4) The local option law does not repeal or affect the druggist and pharmacist law. "It does not, it is plain to be seen, interfere in the least with the druggist and pharmacist law, as that law stands amended by the act of March 28, 1883." *Ex parte Swann*, 96 Mo. 44.

*John A. Cross*, for the respondent.

(1) The local option law does not repeal or suspend the druggist and pharmacist law as amended by the act of March 29, 1883 (Session Acts, 1883, p. 89), but it is cumulative legislation against the evils of intemperance. *Manker v. Faulhaber*, 94 Mo. 430.; *Ex parte Swann*, 9 S. W. Rep. 10 ; s. c., 96 Mo. 44 ; *State ex rel. v. Severance*, 55 Mo. 378 ; *State v. Heath*, 56 Mo. 231. (2) The continued existence and operation of the druggist and pharmacist law does not in the least diminish the force and effect of the strong and express prohibitory language of the sixth section of the local option law ;

for the former does not confer upon druggists a single right or privilege more than they had at common law. *Snyder v. Railroad*, 88 Mo. 613. (3) When in a statute the legislative will is expressed in plain and unambiguous terms, there is no room for construction, and the courts are in duty bound to declare and administer it according to its letter. Cooley on Const. Lim. [5 Ed.] 68 ; Cooley on Taxation, 225 ; Smith's Const. Con., secs. 551, 554, 644. (4) If there was the least doubt that the legislature, by section 6 of the local option law, meant to include within its prohibitory provisions the disposition of alcoholic liquors in general, under all circumstances, by druggists and pharmacists, as well as by all others, such doubt will be removed by the provisions of section 8 of that law, which contains an exception, and enumerates the things to be excluded ; for the enumeration of one thing excludes another, and, by an exception to a rule, the rule itself is proved and measured. Smith's Const. Con , 195. (5) The extent to which the law goes does not make it operate against the constitution. Cooley on Torts, 277 ; *Austin v. State*, 10 Mo. 591 ; 13 Am. Rep. 424. (6) Section 2 of the druggist law of 1883, and section 8 of the local option law of 1887, relate to the same subject-matter, *i. e.*, the sale of intoxicating liquors by druggists,—and must, if possible, be so construed that full effect will be given to both as one statute. *McVey v. McVey*, 56 Mo. 231 ; *State v. Lisles*, 58 Mo. 359 ; Potter's Dwarris on Statutes, pp. 47, 51, 67, 121, 146, 174, 264 ; Sedgwick's Stat. and Com. Law, 225, 446. (7) Statutes providing for the sale of liquors for medical use, or excepting from their penalties sales made for such use, must be accepted as the measure of the right to make such sale, so that no further right can be superinduced by interpretation. *Harper v. The State*, 3 Lea, 211 ; *The State v. Wood*, 86 N. C. 708 ; *Newman v. The State*, 7 Lea, 617 ; *Commonwealth v. Jarsett*, 5 S. W. Rep. 763. (8) The

prescription in evidence in this case, upon which the brandy was furnished, is not dated, nor is it stated therein that brandy is a necessary remedy, as required by the druggist law of 1883. The declarations of law asked by defendant were therefore properly refused.

ELLISON, J.—Defendant, who is a druggist and pharmacist, was tried and convicted under section 6, Laws, 1887, page 181, known as the "local option law," for selling intoxicating liquors, viz., two ounces of brandy, in a city which had adopted that law. He prosecutes this appeal, and asks that the judgment be reversed, on the ground that he sold the liquor on a prescription from a regularly registered and practicing physician, under section 2 of the druggist and pharmacist law of 1883, page 90. The defendant was convicted on the theory that the local option law, in counties where it was adopted, repealed the druggist and pharmacist law as to the sale of intoxicating liquors. We will reverse the judgment on the authority of *Ex parte Swann*, 96 Mo. 44, where the supreme court decide that the local option law does not interfere with the law concerning druggists and pharmacists. Reversed. All concur.