STATE OF MISSOURI, Respondent, v. J. O. SMITH,
Appellant.

Kansas City Court of Appeals, January 6, 1890.

1.  Local Option: PETITION FOR ELECTION: ONE OR MORE PAPERS.
Though a petition for an election under sections 4598 to 4606,
Revised Statutes, 1889, commonly called the local option act, may
consist of several papers, which, after being signed by petitioners
in different parts of the county, are tacked together and presented
to the county court, it is sufficient to warrant action thereon by
said court, following State ex rel. Church v. Weeks, ante, 556.

2.  ———: SUFFICIENT STATEMENT OF OBJECT OF PETITION.    While it is
better that the petition, in stating its object, should, at least, sub-
stantially follow the words of the statute, if it, nevertheless,
appears from the face of the petition that it could mean and have
for its object but the one thing of voting on the question "whether
or not spirituous or intoxicating liquors, including wine and
beer, should be sold within the limits of the county, it should be
regarded as sufficient; and, under the circumstances of this case,
the prayer of the petition for an order of "election to take the
sense of the voters upon what is known as the ' Wood's local
option law,' " is held sufficient.

3. ———: ONE-TENTH OF QUALIFIED VOTERS SHOWN IN THE PROCEED-
INGS. If the fact is that the petition contains the requisite petitioners,
and that fact was ascertained by the body petitioned, as shown by
its proceedings, as was done in this case, it is sufficient; and it is
not required that the petition should state upon its face that the
petitioners composed one-tenth of the qualified voters of the
county, following *State ex rel. Church v. Weeks, supra.*

4. Selling Liquors: INDICTMENT: INSTRUCTION. Where the indict-
ment charges an unlawful sale of intoxicating liquor, to-wit,
whiskey, brandy, rum, gin, it is error to refuse an instruction
asked by defendant, that if the jury believe from the evidence
that the liquor sold to the witness was alcohol, and not whiskey,
brandy, rum or gin, then they will acquit.

*Appeal from the Bates Circuit Court.*—HON. D. A.
DeArmond, Judge.

REVERSED AND REMANDED.

*Parkinson & Graves* and *Francisco & Rose*, for the
appellant.

(1) . The county court was not the general agent of
the county; its powers are limited, and, if it exceeded its
authority, its acts were void. *Sturgeon v. Hampton*,
88 Mo. 203. (2) The county court had no jurisdiction
to order anything not called for in the petition. *Turner
v. Bondalier*, 31 Mo. App. 582. (3) The county court,
being a court of limited jurisdiction, jurisdiction must
appear on the face of the proceedings. *Cunningham
v. Railroad*, 61 Mo. 33; *Gilson v. Vaughn*, 61 Mo. 418;
*Haggard v. Railroad*, 63 Mo. 303. (4) The petition
failed to allege any of the things required by the stat-
ute. It was a nullity, and all the proceedings founded
on it were void. *Carnes v. State*, 5 S. W. Rep. (Tex.)
133. (5) The returns of the election were not counted
in accordance with the election law, and the election
was void. *State ex rel. v. Tucker*, 32 Mo. App. 620.
(6) Defendant could have been indicted under the
local option law for an unlawful sale of alcohol; having

been indicted for selling whiskey, gin, rum and brandy, proof of a sale of alcohol would not warrant a conviction. The variance would be material. *State v. Chamberlain*, 75 Mo. 382; *State v. English*, 67 Mo. 136; *State v. Apperger*, 80 Mo. 173; Wharton on Criminal Evidence [8 Ed.] sec. 123, p. 109; *State v. Downs*, 4 Am. Crim. Rep. 42; 59 N. H. 320; *Jacobs v. State*, 61 Ala. 448; 4 Am. Crim. Rep. 465; *Morgan v. State*, 61 Ind. 447; 3 Am. Crim. Rep. 246; *Brown v. State*, 48 Ind.; 38 Am. Crim. Rep. 487. (7) There being evidence tending to show that the liquid sold was whiskey, and also evidence tending to show that it was alcohol, both aspects of the case should have been presented to the jury under proper instructions. Instruction number 2, given by the court of its own motion, ought not to have been given, and instruction number 8, asked by defendant, ought to have been given.

*John M. Wood*, Attorney General, for the respondent.

ELLISON, J.—The defendant was indicted, tried and convicted for selling intoxicating liquors in violation of the local option law, now found in Revised Statutes, 1889, sections 4598–4606.

It is urged here that such law was never legally adopted in Bates county, from whence this case comes. The first ground of objection covers two points. *First.* That the petition to the county court asking that an election be ordered was not one paper, but consisted of several papers or petitions which, after being signed by petitioners residing in different parts of the county, were tacked together and presented to the county court as the petition for an order of election. *Second.* That the petition asks for an order of " election to take the sense of the voters upon what is known as the ' Wood's local option law ' as provided for under said law."

The first point we rule against defendant under the authority of the case of *State ex rel. Church*

*v. Meeks et al., ante,* p. 566, where it was held that
the petition being upon more than one paper did not
invalidate it.

The contention as to the second point is, that the
petition should have been in the language of the statute,
viz., for an order of election "to determine whether or
not spirituous and intoxicating liquors, including wine
and beer, shall be sold," etc. While it would have
been better to have at least substantially followed the
words of the statute, if it nevertheless appears from the
face of the petition that it could mean and have for its
object but the one thing of voting on the question
"whether or not spirituous or intoxicating liquors,
including wine and beer, shall be sold within the limits
of" the county in which the petitioners reside, we think
it should be regarded as sufficient, if valid in other par-
ticulars, and upon which the county court could prop-
erly make the order. At the time of the petition the
"Wood's local option law" was everywhere known in
this state to mean the law under which this petition
was granted and the election thereunder held. The
original act itself, Laws, 1887, is headed "Dramshops:
Local Option—Manufacture and Sale of Intoxicants."
And the preamble is, "An act to provide for the pre-
venting of the evils of intemperance by *local option,*"
and for "submitting the question of prohibiting the
sale of intoxicating liquors to the qualified voters," etc.
We think the petition carried upon its face an absolute
certainty as to what was being petitioned for, and we
shall rule this point also against the defendant.

The second ground of objection is, that as the
county court is a court of limited jurisdiction, there
were jurisdictional facts which should have appeared
upon the "face of the petition before the court could
acquire power to make an order." Such as that the
petitioners composed one-tenth of the qualified voters of
the county outside of the limits of cities of more than

twenty-five hundred inhabitants. This point, while not embracing the same facts as were shown in the case of *State ex rel. Church v. Meeks, supra,* finds its condemnation in that case; for it was there held that in the matter of the petition the strictness required in the proceeding for taking private property for public use, such as a public road, was not requisite in cases of this nature. If the fact be that the petition does contain the requisite petitioners and that fact is ascertained by the body petitioned, as shown by its proceedings, which was done and was shown by the proceedings of the county court in this case, it is sufficient.

II. The indictment charges that defendant "unlawfully and wilfully did sell intoxicating liquors, to-wit: one half-pint of whiskey, one half-pint of brandy, one half-pint of rum and one half-pint of gin." The court gave the following instruction for the state.

"2. The indictment charges an unlawful sale of intoxicating liquor, to-wit: One half-pint of whiskey, one half-pint of brandy, one half-pint of rum, one half-pint of gin ; now, if you find from the evidence that the defendant sold Cook intoxicating liquor, and said liquor had the appearance of whiskey and contained alcohol as its intoxicating ingredient, and that whiskey contains alcohol as its intoxicating principle, then you are warranted in finding that such sale was a sale of whiskey, whether such liquor was in fact what is commonly or properly called alcohol or what is commonly or properly called whiskey."

The court refused the following offered by defendant:

"8. The court instructs the jury that if you believe from the evidence that the liquor sold to witness Cook was alcohol, and not whiskey, brandy, rum or gin, you will acquit the defendant."

Defendant was not charged with having sold alcohol. The charge was specific of a sale of whiskey, brandy, rum and gin. The proof of the sale of either of

these would have sustained the indictment. But if defendant, in the language of his instruction refused, sold alcohol, and not whiskey, brandy, rum or gin, he certainly is not guilty as charged.

For the error relating to the foregoing instructions, the judgment will be reversed, and the cause remanded. All concur.