THE STATE OF MISSOURI, Respondent v. M. M. KAUFMAN, Appellant.

Kansas City Court of Appeals, May 25, 1891.

1.   **Local-Option** : DRUGGISTS' LAW : REPEALED.   The adoption of the local-option law by a county does not have the effect to repeal the druggists and pharmacists' law in so far as the sale of intoxicating liquors is concerned.

2.   —— : NOTICE OF ELECTION : TIME : VALIDITY.   To adopt the local-option law, there must be four weeks' (twenty-eight days) notice of the election, the computation to be made by excluding the first day and including the day of the election.   Such notice is essential to the validity of the election.

3.   **Evidence** : OBJECTION TO THE INTRODUCTION : LEGAL EFFECT. Permitting the introduction of evidence, unchallenged, does not admit it to be legally sufficient for the purpose for which it was offered.

4.   **Appellate Practice** : FORMER DECISION : DIFFERENT POINT. Though the legality of the Bates county local-option law has been once before in the appellate court, yet, as the matter of notice was not then presented or passed upon, that case cannot be decisive of this one.

The State v. Kaufman.

*Appeal from the Bates Circuit Court.*—HON. D. A. DEARMOND, Judge.

REVERSED.

*Parkinson & Graves*, for appellant.

· (1) On the insufficiency of notice we cite: *In re Wooldrige*, 30 Mo. App. 619; *State ex rel. v. Tucker*, 32 Mo. App. 620; *Bean v. County Court*, 33 Mo. App. 635. (2) As to the saving of the point: It is the province of the court to determine upon the legal effect and sufficiency of testimony and to judge of the competency of evidence. This is raised by demurrer to the evidence. *Harris v. Woody*, 9 Mo. 113; *Callahan v. Warne*, 40 Mo. 131; 2 Thompson on Trials, secs. 2242, 2243, 2244, 2267, 2268; *Clark's Adm'x v. Railroad*, 46 Mo. 217; *Lee v. Davis*, 11 Mo. 114; *Emerson v. Sturgeon*, 18 Mo. 170. (3) If Kaufman was a druggist and pharmacist and sold whiskey without a prescription, he is not liable under the Wood's local-option law, but under the druggist and pharmacist law (Session Acts of 1883, page 90), which still stands, although the local-option law had been legally adopted in Bates county. *Manker v. Faulhaber*, 94 Mo. 430; *Ex parte Swann*, 96 Mo. 44; *State v. Williams*, 38 Mo. App. 37. If he sold intoxicants upon prescription as required by the druggist and pharmacist act, he violated no law upon our statute books. *Ex parte Swann*, 96 Mo. 44, *supra;* *State v. Williams*, 38 Mo. App. 37, *supra.*

*W. O. Atkeson*, for respondent.

. (1) In reply to appellant's first point, it is sufficient to say that the record shows that no objection was made to the introduction in evidence of the notice of election at the time it was offered in the trial court;

and this fact is admitted by counsel for appellant. To entitle appellant to a review of the point, he should have made a specific objection in the trial court to the introduction of said notice. As the case stands, there is no point in the appellate court to review. *Rohrer v. Brockhage,* 15 Mo. App. 16; *Wing v. Canada Southern Line,* 14 Mo. App. 579; *Hoyt v. Quinn,* 20 Mo. App. 72; *Shelton v. Durham,* 76 Mo. 434; *Harrington v. Minor,* 80 Mo. 270; *Holmes v. Braidwood,* 82 Mo. 688; *Orr v. Rode,* 101 Mo. 387; *State v. Nelson,* 101 Mo. 477. (2) At the time of the trial of this case the local-option law was in force and effect in Bates county, outside the cities of Butler and Rich Hill. *State v. Smith,* 38 Mo. App. 618. The case of *Ex parte Swann,* 96 Mo. 44, cited by appellant, has little force under the facts of this case. It is not legally proven in this case that defendant was a druggist and pharmacist.

GILL, J.—Defendant Kaufman was in May, 1889, proprietor of a drug store at Papinville, Bates county, and was indicted, tried and convicted of selling intoxicating liquors to one John Wehnes, contrary to the provisions of the local-option law, alleged to have been adopted in said county. The defendant appealed.

I. A double defense was interposed in the court below, and again pressed here. *First,* that, being a druggist and pharmacist, defendant sought to show in the circuit court that he sold the whiskey to said Wehnes on a written prescription from a regularly registered and practicing physician, as permitted by the druggists and pharmacists' law. R. S. 1889, sec. 4621. The court denied the defendant's right to any such defense, thereby holding in effect, that the adoption of the local-option law in Bates county resulted in the suspension or repeal of the druggists and pharmacists' law in so far as it concerns the sale of intoxicating liquors. This was error, as held by this court in *State v. Williams* (38 Mo. App. 37), following *Ex parte Swann,* 96

Mo. 44, where our supreme court decided that the local-option law does not interfere in this regard with the act concerning druggists and pharmacists. If then defendant furnished the liquor under the circumstances provided in said law ( section 4621, *supra* ), it was a good defense to this prosecution.

II.    But still further, a *second* point is made ; that the state failed to show the legal adoption of the local-option law in Bates county.    The matter assailed is the notice of election as provided for in section 3 of the local-option statute.    Laws of 1887, p. 181.    Said section reads :    "That notice of such election shall be given by publication in some newspaper published in the county, and such notice shall be published in such newspaper *for four consecutive weeks*, and the last insertion shall be within ten days next before such election, etc.    The proof, as introduced by the state, shows that the notice for election was published in the Butler *Weekly Times*, beginning with its edition of December 28, 1887, then on January 4, 11 and 18, 1888, whilst the election, as advertised and as held, was on January 24, 1888.    As repeatedly decided by us, this notice was not such as the above statute requires.    *State ex rel. v. Tucker*, 32 Mo. App. 620 ; *Bean v. County Court*, 33 Mo. App. 635 ; *In re Wooldridge*, 30 Mo. App. 619.    It is there held, that there must be four weeks' ( twenty-eight days ) notice of the election, the computation to be made by excluding the first day of the notice and including the day of the election.    Adopting this rule, and the notice for the election in Bates county was one day short, that it was for twenty-seven days instead of twenty-eight days as the law requires.    Hence we must hold this notice of election to be insufficient.    Such notice as provided by the statute is absolutely essential to the validity of the local-option election, and it, therefore, follows that such election in Bates county was and is void, and that said law is not in force in said county.    *State ex rel. v. Tucker, supra.*

The failure of defendant to object at the trial to the proof of notice of election does not bar him from questioning its legal effect when admitted. Permitting the introduction of the evidence unchallenged does not admit it to be *legally sufficient* for the purpose for which it was offered. Under defendant's demurrer to the evidence he was entitled to have the court determine that question. *Bartlett v. O'Donoghue*, 72 Mo. 563.

The question as to the legality of the Bates county local-option election was once before in this court (*State v. Smith*, 38 Mo. App. 618), but it is proper to state that the matter of notice of election was not then presented or passed upon. Hence the prosecuting attorney is in error as assuming that case to be decisive of this. There no point was made as to the sufficiency of the publication of notice, nor any such question considered or decided.

It results then from the foregoing considerations that the judgment herein must be reversed, and the defendant discharged. All concur.