The State v. Moore.

---

THE STATE v. DILLARD MOORE, *Appellant.*

IN BANC.

1. **Local-Option Law:** CONSTITUTION. The local-option law (R. S. 1889, art. 2, chap. 56) is constitutional. (*Affirming State ex rel. v. Pond*, 93 Mo. 617; *Ex parte Swann*, 96 Mo. 44.)

2.    ———: DRUGGISTS' LAW.  Section 4605 (R. S. 1889) of the local-
option law, in requiring such construction to be put upon the act
as would not prevent druggists and pharmacists from furnishing
pure alcohol for the purposes designated in the druggists' act, was
not intended to grant druggists any license not authorized under
the latter act.   It was a mere recognition of the right of druggists
to sell alcohol for art, mechanical and scientific purposes as pro-
vided in section 4621 of the druggists' law.

3.    Druggists' Law : SALE OF INTOXICATING LIQUOR.   Druggists
can only sell intoxicating liquor upon the written prescription of a
regularly registered and practicing physician, and alcohol for art,
mechanical and scientific purposes on the written application of a
person known by them to be a mechanic, scientist or artist.

4.    Intoxicating Liquors, Sale of: BURDEN OF PROOF.   It
devolves upon one charged with selling intoxicating liquor, where
the sale is admitted, to show lawful authority therefor.

5.    Criminal Law : PRACTICE : PLEADING.   Where a statute defin-
ing a criminal offense contains provisos or exceptions in distinct
clauses, it is not necessary in charging the offense to negative such
provisos.

6.    Intoxicating Liquors, Sale of: DRUGGISTS : LOCAL-OPTION
LAW. Druggists who make sales of intoxicating liquors not author-
ized by the druggists' law are amenable to the punishment pre-
scribed by the local-option law.

*Appeal from Mercer Circuit Court.*—HON.  G.  D.
BURGESS,  Judge.

AFFIRMED.

*E. M. Harber* for appellant.

( 1 )  The case of *State ex rel. v. Pond*, 93 Mo. 606,
should be overruled, and the local-option law held
unconstitutional.   ( 2 )   There was not sufficient testi-
mony to convict defendant on the first and sixth counts
of sales to John Burr.   He always told defendant he
wanted alcohol for medicine and he thought he did.  ( 3 )
Defendant being a druggist could not be convicted
under the information in this case.   *State v. Meek*, 70
Mo. 355 ;  *State v. O'Brian*, 74 Mo. 349 ; *State v.*

*Merchant,* 25 Mo. App. 657 ; *State v. Ryan,* 30 Mo. App. 159 ; *Ex parte Swann,* 96 Mo. 44.

*John M. Wood,* Attorney-General, for the State.

(1) As to the constitutional questions raised in appellant's brief, the state submits the case on the authority of *State ex rel. v. Pond,* 93 Mo. 606, and *Ex parte Swann,* 96 Mo. 44. (2) The charge was a sale of intoxicating liquor in violation of the local-option law, and the evidence in support of that charge having shown a sale of alcohol or other intoxicating liquors of the kind charged, it devolved upon defendant to show legal authority to make the sale. The sale by defendant having been in violation of the local-option act, he must suffer the penalty of that act unless the sale was made by him under the protection of some other statute. To bring the sale made by defendant under the protection of section 4605, Revised Statutes, 1889 (local-option act) and the druggist act, it was necessary for him to show that he was a registered druggist or pharmacist, and that he in good faith sold wine for sacramental purposes, or that he sold pure alcohol in less quantities than one gallon on a written prescription, from some regular registered and practicing physician, stating the name of the person for whom the same was prescribed, and that the same was prescribed as a necessary remedy. Acts, 1883, sec. 2, p. 90 ; R. S. 1889, secs. 4621, 4605 ; *State v. Suess,* 20 Mo. App. 423 ; *State v. Wright,* 20 Mo. App. 412 ; *State v. Baker,* 36 Mo. App. 58 ; *Ex parte Swann,* 96 Mo. 44.

MACFARLANE, J.—Defendant was prosecuted in the circuit court of Mercer county, by information containing six counts, for selling intoxicating liquor in said county in violation of what is known as the "local-option law," being now article 2, chapter 56, Revised Statutes, 1889, was convicted on the first and sixth

counts of the information, and a fine of $600 imposed, from which he appealed to this court, a constitutional question being involved. It is admitted upon the record that the local-option law had been adopted and was in force in the county at the time the offenses charged were committed, if the law itself was constitutional. It is insisted, however, that the law is invalid, and has no force or effect, for the reason that it is repugnant to, and in violation of, the constitution of the state.

The first and sixth counts of the information, after setting out fully the proceedings under which the law was adopted, charged that defendant, at said county, in the state of Missouri, "did unlawfully sell to one John Burr, and divers other persons then and there being to this informant unknown, intoxicating liquor in less quantities than one gallon, to-wit, * * * one-half pint of alcohol, and one pint of certain other kind of intoxicating liquor composed of alcohol mixed with other liquids and substances, of which the kind and name are unknown to this informant, without taking out or having a license as a dramshop keeper, or other license or legal authority to sell the same." The offense was charged in the first count to have been committed on the first day of February, 1888, and in the sixth count on the eighteenth day of February, 1888.

I.   Defendant on this appeal asks a reconsideration of the former rulings of this court which declare the constitutionality of the local-option law. No reason has been suggested, and none can be seen by us, for receding from the conclusion reached in the cases of *State ex rel. Maggard v. Pond*, 93 Mo. 617, and *Ex parte Swann*, 96 Mo. 44. These cases were considered with great care, and the conclusion reached therein meets with our continued approval, and we reaffirm the constitutionality of said law.

II.   The evidence shows that the local-option law was in force in said county from and after the sixth day

of October, 1887. The fact also stands undisputed that, after the adoption of the law and before the filing of the information, defendant sold to John Burr and a number of other persons alcohol in quantities of one pint or less. This is admitted by defendant on the trial, but he undertakes to justify his action on the ground that he was a licensed druggist, and, as such, sold the alcohol for medicinal, mechanical, scientific or art purposes. It is held in *Ex parte Swann*, *supra*, that section 4605 does not interfere in the least with the druggists' and pharmacists' law. Said section, in requiring such construction to be put upon the local-option act as not to prevent druggists and pharmacists from furnishing pure alcohol for the purposes therein designated, was not intended to grant them a license which was not authorized under the druggists' law. This section was a mere recognition of the right a druggist had, under section 4621 of the druggists' act, to sell alcohol for art, mechanical and scientific purposes. After defendant had admitted the sale of alcohol, it devolved upon him to show lawful authority therefor. Whart. Crim. Law, secs. 708, 2434; *State v. Suess*, 20 Mo. App. 425; *State v. Wright*, 20 Mo. App. 412; *State v. Baker*, 36 Mo. App. 59.

It is not necessary that the information should have negatived a legal sale under the druggists' law. It is a well-settled rule that, when a statute contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exception, or to negative the provisos it contains. *State v. Shiflett*, 20 Mo. 417; *State v. Sutton*, 24 Mo. 377. While section 4621 of the druggists' law authorizes a druggist or pharmacist to sell alcohol or intoxicating liquors, it imposes certain conditions upon which alone they can do so. The intoxicating liquor can only be sold upon a written prescription of a regularly registered and practicing physician, and alcohol, when sold for art, mechanical and scientific

purposes, must be on the written application, signed by a person known to the druggist to be a mechanic, scientist or artist. Without a compliance with these conditions, a druggist has no more authority to sell these articles than any unlicensed person.

Defendant does not pretend to have made the admitted sales under authority of the written prescription or application required by the act, but insists that his failure to require them was a violation of the druggists' law alone, and he only made himself liable to the punishment therein prescribed. The local-option law applies alike to all citizens of the counties or cities adopting it. Druggists are not excepted from its operation as a class, but in certain cases and under certain conditions. In other respects they have no exemption. Defendant was prosecuted for violation of the local-option law, and his own testimony was a confession of the offense charged.

The instructions of the court were more favorable to defendant than he had the right to demand. Judgment affirmed. All concur, except SHERWOOD, C. J., who dissents, and BARCLAY, J., absent.