THE STATE v. WATTS, *Appellant.*

Division Two, October 4, 1892.

1. **Court, Legal Existence of:** COLLATERAL ATTACK. The question of the legal existence of the trial court cannot arise upon an appeal from a judgment in a proceeding commenced in that court. (*State v. Wiley,* 109 Mo. 439, *affirmed.*)

2. **Constitution:** LOCAL OPTION. The former decisions of the court affirming the constitutionality of the local-option act reaffirmed.

*Appeal from Christian Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Travers, Harrington & Pepperdine* for appellant.

*John M. Wood,* Attorney General, for the State.

GANTT, P. J.—The defendant was indicted by the grand jury of Greene county in the criminal court of said county, at the July term, 1890, for selling intoxicating liquor in violation of the local-option law.

He was arrested, entered into a recognizance for his appearance to the indictment, and, on his application, was awarded a change of venue to the circuit court of Christian county.

This appeal comes to this court because the defendant challenges the constitutionality of the criminal court of Greene county, and also the local-option law of this state under which he was convicted. He was convicted and fined $300.

I.   The constitutionality of the criminal court of Greene county is not open to question on appeal from

its decisions and judgments. *State v. Wiley*, 109 Mo. 439; *State v. Rich*, 20 Mo. 393.

II. Neither have we any doubt about the correctness of the former decisions of this court, affirming the constitutionality of the local-option law of this state. *State v. Pond*, 93 Mo. 617; *Ex parte Swann*, 96 Mo. 44; *State v. Moore*, 107 Mo. 78; *State v. Searcy, ante*, p. 236.

III. Not only have we no abstract of record, or brief in behalf of the appellant, but the clerk has not even indexed the record in this cause. We have endeavored to do our duty and examine the record, but we submit that it is at least a questionable policy that requires this court, burdened as it is with both civil and criminal causes of the gravest moment, to stop and make a microscopical examination, at the expense of the state, for errors that may possibly have been committed by the trial courts, in the prosecution of the most trivial misdemeanors, when the appellant is able, as in this case, to employ able counsel and furnish ample recognizance bonds. It would seem that justice would demand that appellants in these misdemeanor cases should be required to conform to the practice in civil causes in this court, in the interest of the general public.

The motion for a new trial assigns as error the action of the court in refusing to quash the indictment. As that motion only attacked the constitutionality of the court and the local-option law, it was correctly overruled. It is also urged that the court erred in admitting evidence as to the adoption of the law in Greene county. This point is fully covered by *State v. Searcy*, decided by the St. Louis court of appeals, in which we unanimously concurred, and was rightly ruled. *State v. Searcy, ante*, p. 236.

The remaining grounds of the motion assert that the court erred in giving and refusing instructions.

Those for the state were unquestionably the law and liberal to the defendant, and that refused for the defendant simply asked the court to declare that the local-option law was not in force in Greene county, and was properly refused.

As errors not saved in the motion for new trial are not here for review, and those assigned have all been decided against defendant, the judgment is affirmed. All concur.