THE STATE OF MISSOURI, Respondent, v. LON C. BEVANS, Appellant.

St. Louis Court of Appeals, December 27, 1892.

1. **Criminal Law:** SALE OF INTOXICATING LIQUOR BY DRUGGISTS. When a druggist sells intoxicating liquor upon the written prescription of a practicing physician, and pleads that fact in defense of a criminal prosecution for such sale, the good faith of the physician who issued the prescription is not material. (THOMPSON, J., *dissents.*)

2. ———: ———: LOCAL-OPTION LAW. The adoption of the local-option law does not displace the law permitting the sale of intoxicating liquor by a druggist upon the written prescription of a practicing physician, and the latter law may, therefore, be invoked by a druggist as a defense to a criminal prosecution under the local-option law.

*Appeal from the Lewis Circuit Court.*—Hon. Ben. E. Turner, Judge.

Reversed and remanded.

*Blair & Marchand,* for appellant.

No brief filed for respondent.

Rombauer, P. J.—The defendant was convicted on an information, charging him with selling to one Shackelford, in Lewis county, intoxicating liquors in violation of the local-option law. The defense interposed was that the defendant was a druggist, and sold the liquors as medicine upon written prescription of a practicing physician. The errors assigned are numerous, but upon an examination of the record we find that the assignments are untenable, except in regard to the ruling of the court hereinafter stated.

The state proved the adoption of the local-option law in Lewis county, and also proved the sale of the liquor by the defendant to Shackelford. The defendant gave evidence tending to show that the sale was made upon the written prescription of a practicing physician. In doing so, he called the physician as a witness. This witness was cross-examined by the state touching the circumstances under which the prescription was issued, and the entire tenor of the cross-examination indicated that the State endeavored to show that the prescription was not issued in good faith, but as a mere blind to avoid the penalties of the law. The defendant objected to this examination, claiming that the evidence was irrelevant, but the court overruled the objection, stating in presence and hearing of the jury: "I think the good faith of this prescription is involved." The defendant objected to this remark of the court, and

saved his exceptions. The court did not in any of its instructions to the jury withdraw this oral instruction, or tell them in any manner that the good faith of the prescription was not involved. It will be thus seen that the court, both in permitting the cross-examination of the witness on the lines above indicated against defendant's objection, and by its oral remark in hearing of the jury, left the triers of the fact under the impression, that the defendant, a druggist, was responsible for the bad faith of the physician in issuing the prescription. Such is not the law. The physician is made criminally responsible for issuing in bad faith a prescription for liquors as medicine by section 4624 of the Revised Statutes of 1889, but the druggist cannot be made criminally responsible for the bad faith of the physician under any law. Although a prescription is issued in good faith, it does not protect the druggist if he fills it in bad faith; on the other hand, the motives of the physician in issuing the prescription are not relevant evidence in the trial of the druggist. We would have to reverse the case for this error, even if we were satisfied from the evidence that the prescription in this case was a mere blind, and that the defendant was aware of it, connived at it, and knew that the liquor was sold as a beverage. The court might have submitted to the jury the question of the defendant's bad faith in filling this prescription under the testimony of Shackelford, but we are not the triers of the facts.

We are under the constitution bound to follow the decision of the supreme court, which holds in *Ex parte Swann*, 96 Mo. 44, and *State v. Moore*, 107 Mo. 78, that the local-option law and the druggist law may coexist in the same territory, and that a druggist may sell liquors on written prescriptions issued by a practicing physician, even in counties where the local-option law has been adopted. The attention of the supreme court

does not seem to have been called to the fact that section 4605 of the local-option law only permits the sale of *pure alcohol*, by druggists, and, hence, impliedly prohibits the sale by druggists of intoxicating liquors, other than pure alcohol, under section 4621, in any county where the local-option law has been adopted.

The judgment is reversed and the cause remanded. Judge BIGGS concurs. Judge THOMPSON dissents.

THOMPSON, J. *(dissenting)*.—I dissent, being of opinion that, in the state of the evidence, the good faith of the prescription was involved as a part of the *res gestæ*.