STATE OF MISSOURI, Respondent, v. WILLIAM RUSSELL, Appellant.

**St. Louis Court of Appeals, March 17, 1903.**

1. **Criminal Law:** SALE OF INTOXICATING LIQUOR: LOCAL OPTION LAW: DRUGGIST LAW. The local option law and the drugstore law may co-exist in the same territory, and a druggist may sell liquors on written perscriptions issued by practicing physicians, even in counties where the local option law has been adopted.

2. ———: ———: ———: ASSISTANT IN DRUGSTORE. The assistant or clerk of a registered pharmacist running a drugstore may fill the perscription of a physician under the supervision of his employer, and if he makes a sale of intoxicating liquor, in doing so he is not amenable to the criminal law, as the registered pharmacist is the responsible party (affirming State v. Hammack, 93 Mo. App. 521).

Appeal from Criminal Court of Greene County.—*Hon. James J. Gideon,* Judge.

REVERSED AND REMANDED.

*Wear & McGregor* for appellant.

(1) The defendant as an aid to the proprietor and simply delivering whiskey to the purchaser at the direction of the proprietor and in his presence, when the proprietor had the right to make the sale and the sale was made within the scope of the proprietor's authority and license, violates no law and does not come within the meaning of the rule in the case of State v. Gibson, 61 Mo. App. 368. (2) The court refused to submit the question of the sale by the proprietor, and the direction of the court to the jury to find defendant guilty not-

withstanding the proprietor had a right to make the sale and was present and directed the defendant to deliver the whiskey and the whiskey was delivered in the proprietor's presence and at his command, we maintain constitute error and such misdirection as in the teeth of the decision referred to to-wit: State v. Jordan, 87 Mo. App. 466; State v. Keith, 46 Mo. App. 525; State v. Gibson, 61 Mo. App. 368; Session Acts 1901, page 143.

No brief for respondent.

GOODE, J.—Appellant was indicted in the criminal court of Greene county for violating the local option law which is in force in Greene county outside the city of Springfield. The indictment charges that on March 21, 1901, at the town of Republic in said county, he unlawfully sold intoxicating liquor, to-wit, one gill of whiskey to William Holding, the appellant having no license at the time and the sale being made without a license.

The evidence tended to show that W. E. Kimmons owned and conducted a drugstore in the town of Republic, and that the appellant, William Russell, clerked for him; that on the day mentioned in the indictment, William Holding told the proprietor he wanted some whiskey and produced a prescription prepared and signed by Dr. G. B. Dorrell, a registered physician and surgeon, holding a certificate from the state board of health.

Kimmons, when Holding asked him for the whiskey, said he was sick and would have the appellant draw it; and thereupon told the appellant to draw the whiskey, which the latter did under the immediate eye and supervision of Kimmons. Holding handed Russell the money to pay for it.

The prescription was introduced in evidence but excluded by the court.

The appellant introduced the record of the county

court to show Kimmons was a registered pharmacist; also the certificate of the state board of health authorizing Dr. Dorrell to practice medicine in the State of Missouri. It was further shown that Kimmons had a merchant's license.

At the conclusion of the evidence the court instructed the jury that if they found from the evidence the appellant on or about March 21, 1900, sold to Holding intoxicating liquor, to-wit, one-half pint of whiskey in the town of Republic, the same being outside the corporate limits of the city of Springfield, in said Greene county, they would find him guilty. Further, that although the jury believed from the evidence that the appellant was in the employ of Kimmons, and Kimmons was at the time of the sale of the whiskey the proprietor of a drugstore where the sale was made, and was a registered pharmacist and was present at the time of the sale and instructed the appellant to get the whiskey, such facts constituted no defense.

Several instructions were asked by the defendant and refused, of which the purport was that if Kimmons was a registered pharmacist and the owner of a drugstore, and the appellant was in his employ and delivered the whiskey to Holding under the direction and in the presence of Kimmons, or as an aid to or under the supervision of the latter and in his presence in his drugstore, then the sale was a sale by Kimmons and the jury should find the appellant not guilty.

Under the instructions given the jury returned a verdict of guilty and assessed the punishment of appellant at $300.

The local option law and the drugstore law may co-exist in the same territory and a druggist may sell liquors on written prescriptions issued by practicing physicians even in counties where the local option law has been adopted. State v. Bevans, 52 Mo. App. (St. L.) 130; Ex parte Swann, 96 Mo. 44; State v. Moore, 107 Mo. 78.

This case is exactly like the case of State v. Hammack, 93 Mo. App. 521, in which this court decided that the assistant or clerk of a registered pharmacist running a drugstore may fill the prescription of a physician under the supervision of his employer, and if he makes a sale of intoxicating liquor in doing so he is not amenable to the criminal law, as the registered pharmacist is the responsible party.

The evidence in the present case strongly goes to prove this liquor was sold under the very eye and immediate command of Kimmons who, if he had a valid prescription, was entitled to sell it. The prescription was excluded and that ruling was erroneous, as was also the theory on which the case was submitted to the jury in the instructions. The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.* concur.