STATE OF MISSOURI, Respondent, v. S. M. McANALLY, Appellant.

**St. Louis Court of Appeals, February 1, 1910.**

1. **CONSTITUTIONAL LAW: Crimes and Punishments: Jurisdiction: Construction of Constitution not Involved, When.** In a criminal prosecution, although the defendant invokes a provision of the Constitution of the State, such invocation does not involve a construction of the Constitution, where the statutes concerning the matter govern it so completely that it is not necessary to resort to a construction of the Constitution to determine it.

2. **CRIMES AND PUNISHMENTS: Criminal Practice: Right of Trial by Jury.** Section 2609, Revised Statutes 1899, which provides the defendant and prosecuting attorney, with the assent of the court, may submit the trial of a misdemeanor to the court, requires positive, affirmative action on the part of the defendant to dispense with a jury, and in the absence of such assent, the court is without power to try the case without a jury.

3. **LOCAL OPTION: Local Option Law and Druggists' Law May Co-exist in Same Territory.** The Local Option Law and the law regulating druggists and pharmacists may co-exist in the same territory, and hence the adoption of the local option law would not abrogate the law relating to druggists.

Appeal from Bollinger Circuit Court.—*Hon. Benj. H. Marbury*, Special Judge.

REVERSED AND REMANDED.

*Hensley & Revelle* and *W. M. Morgan* for appellant.

*Monroe Robbins* and *W. K. Chandler* for respondent.

STATEMENT.—An indictment was returned against the defendant for that, being a druggist and the proprietor of a drugstore and a pharmacist in Bollinger county, he had willfully and unlawfully sold and disposed of intoxicating liquor in less quantities than four gallons, as charged in the first count, and in the second count, that he had willfully and unlawfully suffered and permitted intoxicating liquors to be drunk at and about his place of business in the county.

The regular judge of the circuit court being disqualified, a special judge was chosen and elected to try the case and after his election an application for change of venue from the county, on account of the prejudice of the inhabitants thereof was made, witnesses heard on behalf of the State and of the defendant, and the application overruled. Motion to quash for alleged defects in the indictment was filed and overruled and defendant having plead not guilty, the court called the case for trial. Whereupon the prosecuting attorney announced ready, but the attorney for defendant refused to announce because he claimed that the court had no jurisdiction over the cause. The court refusing to accede to this suggestion, asked the prosecuting attorney how he intended to try the case. The prosecuting attorney announced that he would try it by the court, and the defendant's counsel being asked how they would try the case, announced that believing that the "Honorable B. H. Marbury has no jurisdiction or authority in any manner to hear, determine or try the issues involved between plaintiff and defendant and refusing to in any manner waive his rights guaranteed him by section 22, article 2, of the Bill of Rights of the Constitution of Missouri, refuses to make any announcement as to how he will try this case, or any other announcement." Again asking the prosecuting attorney if he was ready and how he would try the case, on the prosecuting attorney saying that he was ready and would try it by the court, the court directed the trial to pro-

ceed, to which defendant duly objected and excepted. The court thereupon proceeded to try the case without a jury, and at the conclusion of the trial found the defendant guilty on both counts of the indictment and entered up judgment and sentence accordingly. From this the defendant has duly appealed.

REYNOLDS, P. J. (after stating the facts).— While it is true that the defendant invoked the provisions of the Constitution of the State, securing a right of trial by jury and guaranteeing due process of law, the determination of which would involve the construction of the Constitution, we do not think that this is a case involving the construction of the Constitution of the State. The statutes concerning practice in criminal cases governs this matter so completely, that it is unnecessary to resort to constitutional construction to determine it. Section 2608, Revised Statutes 1899, provides: "All issues of fact in any criminal cause shall be tried by a jury, to be selected, summoned and returned in a manner prescribed by law." Section 2609, however, provides: "But the defendant and prosecuting attorney, with the assent of the court, may submit the trial of misdemeanors to the court, whose finding in all such offenses shall have the force and effect of a verdict of the jury." This section requires positive, affirmative action on the part of the defendant to dispense with a jury. That was not done in this case and in the absence of such assent the court was without power to try the case without a jury. The appeal of the defendant to the constitutional provisions was, in effect, a demand for a jury. Even without that appeal, if the defendant had stood mute and made no demand for a jury, it was the duty of the trial court, under the law, to have ordered one and to have tried the case with the aid of a jury. For this reason the verdict and judgment of the trial court will have to be set aside. We see no other error in the record of the case, which is

submitted to us without either assignment of error or joinder in error and without the aid of briefs or argument of counsel.

The point is made against the indictment, that as the local option law had been adopted in Bollinger county prior to the alleged commission of the offenses charged, that the law regulating druggists had been abrogated. It has been decided by our courts, both Supreme and Appellate, that the Local Option Law and the law regulating druggists and pharmacists may coexist in the same territory. [See Ex parte Swann, 96 Mo. 44, 9 S. W. 10; State v. Moore, 107 Mo. 78, 16 S. W. 937; State v. Williams, 38 Mo. App. 37; State v. Bevans, 52 Mo. App. 130.]

Judgment in the case is reversed and the cause remanded. All concur.