THE STATE OF MISSOURI, Respondent, v. JAMES BEAM, Appellant.

St. Louis Court of Appeals, November 22, 1892.

Dramshops: SELLING LIQUOR WITHOUT LICENSE: EFFECT OF ADOPTION OF LOCAL-OPTION LAW. The adoption of the local-option law suspends the dramshop law, and, therefore, constitutes a good defense to a prosecution under the latter law for the sale of liquor by a dramshop keeper without a license.

*Appeal from the Christian Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED *(and defendant discharged)*.

*G. A. Watson, Gideon & Gideon* and *G. W. Logan,* for appellant.

The record of the county court of Christian county shows that every step necessary to the adoption of the local-option law in said county was taken, and said law was duly and legally adopted on the seventeenth

day of December, 1887, and that notice of said result was duly published as shown by affidavit of publisher, and said law was in force in said county, from the date of the filing of said information to trial of this case. Revised Statutes, 1889, secs. 4598, 4603; *State v. Searcy*, 39 Mo. App. 393; *State v. Searcy*, 46 Mo. App. 421; *Sutherland v. Holmes*, 78 Mo. 399. The adoption of the local-option law suspended the dramshop law in the locality where the former has been adopted. *Ex parte Swann*, 96 Mo. 44. The defendant should have been proceeded against under and by virtue of provisions of local-option law.

No brief filed for respondent.

ROMBAUER, P. J.—This cause was submitted at the March term, 1892, but was continued under advisement to abide the decision of the supreme court in *State v. Searcy*, 46 Mo. App. 421. The last-named case was certified to the supreme court to settle an apparent conflict between the decision of this court, and that of the Kansas City Court of Appeals, on the question whether it was necessary for the justices of the county court, whom the clerk called to his *assistance*, in casting up the vote in a local-option election to join with him in a certificate of the result. Since this cause was submitted, the supreme court has settled this conflict in affirming our position that this was not necessary. These preliminary observations are essential to an understanding of the points arising and decided in the case at bar.

The defendant was prosecuted on an information for selling liquor without a license as a dramshop keeper in Christian county, and the state gave evidence tending to show that he was guilty of that offense. The defend-

ant thereupon gave *prima facie* evidence of the fact, that the local-option law had been adopted in Christian county, prior to the date of the commission of the alleged offense. In doing so, it affirmatively appeared that the certificate made by the clerk in canvassing the vote was not signed by the judges assisting him in the canvass. The state adduced no rebutting evidence. The court sitting as a jury found the defendant guilty of violating the dramshop law, and imposed sentence upon him.

As there was no controversy touching the facts on which the question depended whether the local-option law had been adopted in Christian county, that question was one of law, and the court should have declared that it was so adopted. If it was so adopted, the defendant could not be prosecuted under the dram-shop law, as the adoption of the local-option law suspended the dramshop law. *Ex parte Swann*, 96 Mo. 44.

It results from the above that the judgment of the court was erroneous and must be reversed. All the judges concurring, the judgment is reversed, and the defendant discharged.