CITY OF WARRENSBURG V. McHUGH.

Division Two, June 12, 1894.

1. City: INTOXICATING LIQUOR: LICENSE. Where a city is authorized by its charter to collect a license tax for the sale of intoxicating liquor, the power to punish for selling without license is implied.

2. ———: ———: LOCAL OPTION LAW: PENALTY. A city which has adopted the local option law can, by ordinance, affix a penalty of not less than $300 and not more than $1,000 for the sale of intoxicating liquors in violation of its ordinance. (R. S. 1889, secs. 4606, 1506, 1902.)

*Appeal from Johnson Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

*S. T. White* for appellant.

(1) The local option law is unconstitutional. *Barto v. Himrod,* 59 Am. Dec. 506; *Santo v. State,* 62 Am. Dec. 487; *Lammert v. Lidwell,* 21 Am. Rep. 411; Cooley Const. Lim. [3 Ed.], pp. 120, *et seq.;* see page 128, of our Constitution of 1865; Sherwood's dissenting opinion in *State ex rel. v. Pond,* 93 Mo. 606. (2) The city had no authority to enforce the ordinance under which appellant was convicted. The only authority given the city is by its charter as a city of the third class. Section 1506, Revised Statutes, specifies what jurisdiction it has over the sale of liquors. It can "license and regulate dramshops" and can "suppress tippling houses" and has no other authority over the sale of intoxicating liquors. Its powers to impose fines is limited to $100 as the maximum. R. S., sec. 1526. The ordinance under which appellant was convicted was an attempt to go beyond these limits and punish the appellant for doing an act over which it has no jurisdiction and by a fine it had no authority to impose. Dillon, Mun. Corp., secs. 89, 368, 403; Cooley, Const. Lim. [3 Ed.], 194, 195, 196; *St. Louis v. Bell Telephone Co.,* 96 Mo. 623; *Leach v. Cowgill,* 60 Mo. 316; *Saxton v. Beach,* 50 Mo. 488; *Knox City v. Thompson,* 19 Mo. App. 523.

*Fulkerson* and *R. M. Robertson* for respondent.

(1) The constitutionality of the local option law is settled. *State ex rel. v. Pond,* 93 Mo. 606; *Ex parte*

*Swann,* 96 Mo. 44; *State v. Dillard Moore,* 107 Mo. 78. (2) It is to be presumed that the mayor and board of alderman took all the necessary steps required by law relative to the adoption of the local option law. *State v. Semcy,* 39 Mo. App. 393–401, and cases cited; *State v. Prather,* 41 Mo. App. 455; *French v. Fyan,* 93 Mo. 169; *State ex rel. v. Weatherby,* 45 Mo. 17; *State v. Hutton,* 39 Mo. App. 410; *State v. Weeks,* 38 Mo. App. 566; *State v. Baker,* 36 Mo. App. 58; *State v. Evans,* 83 Mo. 319; *State v. Dugan,* 110 Mo. 138; *State v. Young,* 84 Mo. 90. (3) The defendant in this case was subject to prosecution by either the state of Missouri or the city of Warrensburg, as the offense is a misdemeanor under both the statutes of the state and the ordinances of the city. Dillon's Mun. Corp., sec. 367, and cases cited; *Mayor v. Allain,* 14 Ala. 400. (4) The city of Warrensburg under its charter has the power to impose the punishment as provided in said ordinance, under which defendant was convicted. The very section of the statute cited by defendant in the closing sentence says: "Provided, that such city shall have the power, in any case wherein the penalty for an offense is fixed by any statute, to affix the same penalty by ordinance, and no other, for the punishment of such offense. R. S., sec. 1526, t. p. 436; R. S., sec. 1902. (5) The punishment, as provided in section 2, of the ordinance in question in this case, is the same as section 4606, Revised Statutes, of the "local option law," and could be no other.

SHERWOOD, J.—Prosecution by the plaintiff city against defendant for violation of an ordinance based upon, and intended to enforce the "local option law," and known as "An Ordinance in relation to the sale of intoxicating liquor." On trial defendant was convicted in the recorder's court, and afterwards in the criminal

court, in which latter court his punishment was assessed at a fine of $500.

The information filed on behalf of the city, is the following:    "A. M. Geer, city attorney within and for the city of Warrensburg aforesaid, in the state of Missouri, informs the court that James McHugh on the seventh day of March, 1890, at the city of Warrensburg did then and there unlawfully and willfully sell and barter to one Charles Kuntz, intoxicating liquors within the limits of said city in a quantity as follows, towit, five gallons of beer of the value of $2.75, and that said James McHugh was not at said time a licensed druggist and that said liquor was not sold for mechanical, medicinal or scientific purposes, in violation of an ordinance of said city enforcing the local option law, entitled, "An ordinance in relation to the sale of intoxicating liquors," passed and approved March 4, 1890, and against the ordinances in such case provided, and the peace and dignity of the city."

Defendant appeals from that conviction and the judgment thereon.

We will not enter on any discussion of the constitutionality of the "local option law."    Under the ruling in *State v. Dugan*, 110 Mo. 138, the record evidence of the acts and doings of the "board of aldermen" and the mayor of the city of Warrensburg, must be regarded as establishing *prima facie*, at least, the adoption of the "local option law," in the plaintiff city, and that all necessary steps preliminary thereto were taken; and besides that there was competent evidence, under the ruling aforesaid, that all proper antecedent steps were taken, necessary to the adoption of the law in question.

The claim is made that the ordinance enacted to enforce that law is *ultra vires* the city.    Section 1506, Revised Statutes 1889, relating to cities of the third class, gives such cities power to collect a license tax

on "druggists, dramshops, saloons, liquor sellers    *    *
and to license, tax, regulate or suppress    *    *    *    tip-
pling houses," etc.

It is quite clear that "tippling houses" may be
suppressed by ordinance, for this power is given in
express terms.    But we think the power to punish
"*druggists*" or "*liquor sellers*" (for these are frequently
convertible terms) is necessarily implied, and is a nec-
essary adjunct of the power to license such persons;
because, if the city had no power to punish those who
should refuse to take out a license for the purpose men-
tioned and yet sell without license, the ordinance
authorizing license to issue would possess no sanction,
and receive or command no respect, for who would pay
for a license to sell, when without punishment from the
licensing power, he could sell without?

This section is to be considered in connection with
section 1494 of the same chapter and article, which pro-
vides:    "The mayor and council of each city governed
by this article shall have the care, management and
control of the city and its finances, and shall have
power to enact and ordain any and all ordinances not
repugnant to the constitution and laws of this state,
and such as they shall deem expedient for the good
government of the city, the preservation of peace and
good order, the benefit of trade and commerce, and the
health of the inhabitants thereof, and such other ordi-
nances, rules and regulations as may be necessary to
carry such powers into effect, and to alter, modify or
repeal the same."    Thus considering the two sections,
the view is entertained that by inevitable implication
power is conferred on the city to enact the controverted
ordinance.    That ordinance, so far as the punishment
is prescribed, is a literal transcript of section 4606 of
the "local option law."

Upon this, it is claimed for defendant, that, as sec-

tion 1526 of the same article, limits the power of the city, in the imposition of fines, to $100, the ordinance is *ultra vires;* also because by conforming the punishment to that prescribed in section 4606, it exceeds that sum. But this view is also unsound, for this reason: Under the repeated rulings of this court, the law under consideration must be regarded in theory as a *general law.* Regarding it in this light, we look to the last clause of section 1526 *supra,* which says: "Provided, that such city shall have power, in any case wherein the penalty for an offense is fixed by statute, to affix the same penalty by ordinance, and no other, for the punishment of such offense."

And section 1902, Revised Statutes, 1889, declares that: "Any municipal corporation in this state, whether under general or special charter, and having authority to pass ordinances regulating subjects, matters and things upon which there is a general law of the state, unless otherwise prescribed or authorized by some special provision of its charter, shall confine and restrict its jurisdiction and the passage of its ordinances to, and in conformity with, the state law upon the same subject."

Taking these two sections together, they are conclusive of the right of the city to raise the penalty to the amount prescribed by the general law. Therefore, judgment affirmed. All concur.