176    383
f178    40

Ex Parte BONE HANDLER, alias JOEL SMITH.

Division Two, June 30, 1903.

1. **Local Option Law:** CONSTITUTIONAL. The constitutionality of the Local Option Law of 1887 is again adhered to, on the authority of the eight or ten previous opinions holding it to be constitutional.

2. ——: ——: UNIFORMITY OF PENALTY. The Local Option Law does not violate tne constitutional requirement that all laws of a general nature shall have uniform operation throughout the State, by the fact that a different penalty is imposed by it for selling and giving away intoxicating liquors in counties adopting it from that inflicted for the sale or giving away of such liquors in other portions of the State. It is no objection to a law that it does not operate upon every citizen alike; it is sufficient if it operates equally upon all who in all parts of the State come within its provisions.

3. ——: DRAMSHOP LAW: GENERAL ACTS. Both the Dramshop Law and the Local Option Law are general laws within the meaning of the Constitution of this State. Both can not be in force in the same locality at the same time, since the adoption of the latter suspends the operation of the former in that locality.

4. ——: NEW CLASS OF CITIES. The Local Option Law does not offend against the constitutional classification of cities by giving to cities of the fourth class having a population of twenty-five hundred inhabitants power to prohibit the sale of intoxicating liquors altogecher, while it confers no such power on all cities of the same class having less than 2,500 and more than 500 inhabitants.

## Habeas Corpus.

WRIT DENIED.

*L. D. Ramsey, T. M. Bailey* and *Porter & Groves* for petitioner.

(1) The Local Option Law is unconstitutional because it punishes a given act more severely than the same act is punished by the general law of the State. State v. Burchard, 144 Mo. 83. (2) It violates section 7 of article 9 of the Constitution by giving to

cities of the fourth class having 2,500 inhabitants or more a power not possessed by cities of the fourth class having less than 2,500 inhabitants. Owens v. Baer, 154 Mo. 438, opinion by GANTT, J., and ROBINSON and VALLIANT, JJ. (3) It submits to a vote of the people of a locality a law not authorized by the Constitution, but by implication excluded by the enumeration contained in sections 2, 3, 4, 7, 9, 16, 20, 21, 22, 23, of article 9, and section 12 of article 10 of the Constitution on the principle of *expressio unius est exclusio alterius.* Owen v. Baer, 154 Mo. 444, opinion by SHERWOOD and BURGESS, JJ. (4) There were no notices posted up in Atchison county thirty days before the bill was presented to the Legislature. Sec. 54, art. 4, Constitution.

*Edward C. Crow,* Attorney-General, and *L. J. Miles* for the State.

The Local Option law is Constitutional. State ex rel. v. Pond, 93 Mo. 606; State v. Moore, 107 Mo. 78; State v. Dugan, 111 Mo. 138; State v. Searcy, 111 Mo. 236; State v. Watts, 111 Mo. 553. The above decisions so fully cover the ground and settle the vexed questions that have arisen in connection with the enforcement of the Local Option Law that this court on a former occasion has treated the questions as settled and fixed. In State v. Wingfield, Judge BURGESS went so far as to say that while he himself believed the other way, this court has so often decided the law constitutional, that he did not even discuss the matter. State v. Wingfield, 115 Mo. 439. As to the Burchard case, 144 Mo. 83, it will be noticed that the offense was larceny and not selling liquors. The remarks made about the Pond case in 93 Mo. 606, may all be omitted, erased or stricken from the pages of the decision and not affect the decision reached in the Burchard case, for the Burchard case was affirmed, whereas, if the remarks about the Pond case had been decisive of the case, the case would have

been reversed and Burchard discharged. As to the new points raised: That it violates section 7, article 9 of the Constitution, see Owen v. Baer, 154 Mo. 533. As to the point that it submits a law excluded by certain enumerations of sections in the Constitution, see Owen v. Baer, 154 Mo. 538. As to the point that the Local Option Law should have been passed in conformity to the provisions of section 54, article 4, of the Constitution, it is sufficient to say the question is not new, but has been fully discussed and settled in the decisions above cited.

GANTT, P. J.—The petitioner is confined in the jail of Atchison county, for failure to pay a fine of three hundred dollars assessed by a jury in the circuit court of Atchison county, Missouri, in the cause of the State of Missouri against said Bone Handler, for a violation of the Local Option Law of this State, by unlawfully and willfully selling and giving away intoxicating liquors in said county of Atchison on the 28th day of May, .1902, after the act of the General Assembly of this State approved April 5, 1887, and known as the Local Option Law, had been adopted by said county and was in force.

From the judgment and sentence in that case the defendant therein, the petitioner herein, took his appeal to this court, and the same is now lodged in the clerk's office of this court; nevertheless he seeks to be discharged by virtue of a writ of habeas corpus, on the ground that the act of the General Assembly, approved April 5, 1887, and now known as article 3 of chapter 22 of Revised Statutes 1899 of this State, is unconstitutional.

The constitutionality of this law was assailed in State ex rel. Maggard v. Pond, 93 Mo. 606 (1887), and after the most exhaustive argument in which every proposition now advanced by petitioner and his coun-

sel, save two, was considered and weighed by the court, it was held constitutional in an opinion by Chief Justice NORTON, Judge SHERWOOD alone dissenting. That decision was rendered sixteen years ago.

The next year after that decision was promulgated the law was again attacked in Ex parte Swann, 96 Mo. 44 (1888), and its constitutionality reaffirmed after reargument.

Those decisions were followed and accepted as settling the validity of this law in Ex parte Mitchell, 104 Mo. 121.

In State v. Dillard Moore, 107 Mo. 78 (1891), this court was asked to overrule State ex rel. Maggard v. Pond, 93 Mo. 606, but the Supreme Court in Banc said: "No reason has been suggested and none can be seen by us for receding from the conclusion reached in the cases of State ex rel. Maggard v. Pond, 93 Mo. 603, and Ex parte Swann, 96 Mo. 44. These cases were considered with great care and the conclusion reached therein meets with our continued approval and we reaffirm the constitutionality of said law."

In State v. Searcy, 111 Mo. 236 (1892), the question being again mooted, the constitutionality of the law was reaffirmed.

In State v. Watts, 111 Mo. 554, this Division again unanimously expressed its satisfaction with the decisions in State ex rel. v. Pond, and Ex parte Swann, supra.

In State v. Wingfield, 115 Mo. 428 (1893), the constitutionality of the act was once more brought in question, but Judge BURGESS, while believing the law unconstitutional, expressly deferred to the previous adjudications sustaining it, and Judge SHERWOOD, who had dissented up to that time, concurred in the opinion.

Afterwards in City of Warrensburg v. McHugh, 122 Mo. 649, the constitutionality of this law was again raised and because of that contention alone this court had jurisdiction to hear and determine the appeal

therein. Judge SHERWOOD wrote the opinion, and in answer to the insistence that the Local Option Law was unconstitutional, said, "We will not enter in any discussion of the constitutionality of 'the Local Option Law,' " and thereby sustained its constitutionality because it is perfectly obvious that if it was unconstitutional the ordinance of the city imposing the fine, from which the appeal in that case was taken, was clearly invalid, and the judgment must have been reversed, whereas it was affirmed with the concurrence of every member of this Division.

Thus this law on eight distinct occasions has been solemnly adjudged by this court to be a valid and constitutional enactment.

It is true that afterwards in State v. Buchardt, 144 Mo. 83, an appeal from a conviction in a petit larceny case, Judge SHERWOOD, *arguendo,* referred to the decision in State ex rel. Maggard v. Pond, 93 Mo. 606, and said it was incorrectly decided and would not be followed, but in that statement the writer did not concur, as in his opinion, then and now, the correctness of the Maggard-Pond decision was not involved in the Buchardt case. A reading of the last-mentioned case will show, we think, that the remark of the learned author of it, in reference to the Maggard-Pond case, was *obiter,* and in no manner affected the judgment in that case, which was affirmed.

Subsequently in Owen v. Baer, 154 Mo. 538, the Maggard-Pond decision was discussed *arguendo* by Judges MARSHALL, SHERWOOD and the writer hereof, and an examination of those opinions will demonstrate that Judges BRACE, MARSHALL, VALLIANT and ROBINSON and the writer all adhered to and approved the decisions in State ex rel. Maggard v. Pond, 93 Mo. 606, and Ex parte Swann, and the cases above cited which followed those decisions, and Judges SHERWOOD and BURGESS dissented from that view, so that those decisions are still controlling authority on this question as to this law

now under consideration. Surely if anything is ever to be held settled by judicial opinion, and if the doctrine of *stare decisis* is not to be entirely discarded, it should obtain and govern as to the constitutionality of the Local Option Law, and especially so when every objection now urged, except two, was ably and exhaustively considered by both court and counsel in those cases, and particularly so when the only dissenting judge in those cases has subsequently given his adherence to the conclusion reached by the majority, in opposition to his views, in State v. Wingfield, 115 Mo. 439, and Warrensburg v. McHugh, 122 Mo. 649.

Addressing ourselves now to the two propositions which counsel now urge in addition to those decided in the Maggard-Pond case, the first is that it violates the constitutional provision that all laws of a general nature shall have uniform operation throughout the State, and inasmuch as a different penalty is imposed by the Local Option Law for selling and giving away intoxicating liquors from that inflicted for the sale or giving away of such liquors in other portions of the State, it necessarily offends the principle of uniformity.

That local option laws, like our statute on that subject, were not general laws was one of the chief contentions in State ex rel. Maggard v. Pond, and was ruled adversely to that contention. The decision of this court on that point is abundantly fortified by many of the courts of last resort in the various States of the Union, and the decision of this court is expressly approved by name in several well-considered decisions. [Mathis v. Jones, 84 Ga. loc. cit. 807; Paul v. Gloucester Co., 50 N. J. L. 594.]

"This objection has generally been held untenable. To render such laws constitutional it is necessary only that they shall operate generally upon all persons or classes of persons intended to come within their provisions. The fact that they have been accepted in one locality and not in another is immaterial, if by com-

plying with the necessary formalities, they are capable of adoption in all localities alike." [19 Am. and Eng. Ency. of Law (2 Ed.), p. 493, and cases.]

The very words "local option," imply the grant of the right to one locality to adopt and another to decline to avail itself of the law. Moreover, it is no objection to a law that it does not operate upon every citizen alike; it is sufficient if it operates equally upon all who in all parts of the State come under the same circumstances and conditions. [Gordon v. State, 46 Oh. St. 607; Santoro v. State, 46 Oh. St. 607.]

It seems hardly necessary to argue that when the people of a given county or city elect to avail themselves of the Local Option Law to prohibit the sale of intoxicating liquors in such county or city, a different condition is at once created from that which obtains in counties where it has not been adopted. In the one, regulation only is the object of the law; in the other, prohibition; and the circumstances being different, obviously it is entirely within the power and discretion of the Legislature to impose different penalties in the one from those provided for the violation of the law for the other. As said by Judge BLACK in Ex parte Swann, 96 Mo. 44, "It is plain that the two laws can not be in force in the same locality at the same time." Both are general laws within the meaning of the Constitution of this State though the adoption of the Local Option Act suspends the operation of the general law governing the sale of intoxicating liquors in the counties and localities where adopted. And as further said by that able and eminent jurist, "There is no discrimination whatever in favor of or against persons or classes of persons within such territory. They are all treated alike. It is true the penalties for violating this law are not the same as those for violating the dramshop law. *They are, indeed, not* the same offenses. In the one case the offense is the violation of a law which al-

lows and regulates traffic in intoxicating liquors as a beverage, and in the other case the offense is for selling such liquors where the sale is wholly prohibited by law.''

A different policy is indicated by the two systems and it is entirely competent for the Legislature to adopt more stringent and drastic methods to prevent the sale or giving away of intoxicating liquors in these counties in which the people have voted they do not want it under any regulations, than in those where the sale is allowed under regulations.

Indeed, Judge SHERWOOD in his able and strong dissent in State ex rel. Maggard v. Pond, supra, says, ''I do not deny but that a local option law could be passed, one that would repeal existing laws and denounce *heavier penalties* than they do against the sale of intoxicating liquors.'' While counsel deem this is a new question, it was fully and clearly disposed of in Ex parte Swann, and, we think, unanswerably.

As to the other proposition, that it offends against section 7 of article 9 of the Constitution of this State in that it makes a new class of cities of the fourth class, to-wit, those having a population of twenty-five hundred inhabitants, and enlarges the corporate powers of said cities so as to enable them to prohibit the sale of intoxicating liquors altogether, while those having five hundred and under twenty-five hundred can merely regulate the sale by levying and collecting a license tax thereon, this contention is based on the opinion of three of the judges in Owen v. Baer, 154 Mo. 434. An examination of that case will show, however, that while the writer took that view of the statute under consideration in that case, his views were not adopted by the court, and hence did not become the opinion of the court, and while it is true that Judge MARSHALL thought that the views of myself and those agreeing with me were inconsistent with the Maggard-Pond decision, he fully maintained the last-named decision in a most able and

elaborate review of all the authorities on the questions involved in the Maggard-Pond case. The writer and Judges VALLIANT and ROBINSON agreed that State ex rel. Maggard v. Pond was correctly decided, and were of opinion that the Local Option act could not properly be construed as changing the municipal charters of cities of the fourth class. The right to issue dramshop licenses had not been conferred on such cities, and the grant to the citizens of such cities having twenty-five hundred and more inhabitants to vote that they were opposed to the sale of liquors in such cities, was simply a prohibition on the county courts in counties containing such cities to issue licenses to sell intoxicating liquors therein. On its face it did not purport to amend the charters of such cities in any way, nor to change their statutory power. It was a police regulation by a general law of the State, and if adopted by a vote of the people, the law prohibited not the city council, but the county courts, from legalizing the sale of intoxicating liquors therein, and in no manner enlarged their charters. But whatever the opinion of the writer as to the effect of the law in amending the charter of Westport in Owen v. Baer, the writer concurred with Judge MARSHALL in holding that the Local Option Law was entirely constitutional, and, as has already been said, inasmuch as the constitutionality of that act has been solemnly sustained on eight different occasions, it should be regarded as the settled law of this State.

The petition for a discharge is denied and the petitioner remanded to the custody of the sheriff, to abide the judgment and sentence of the circuit court until it is reversed or set aside for some error other than the unconstitutionality of the law of 1887, known as the Local Option Act.

*Burgess* and *Fox, JJ.,* concur in separate memorandum herewith filed.

MEMORANDUM.

BURGESS and Fox, JJ., are of the opinion that the Local Option Law is unconstitutional, but as it has so often been held otherwise by this court, they concur in the result.