THE STATE OF MISSOURI, Respondent, v. W. W. GRAVES, Appellant.

**Kansas City Court of Appeals, February 1, 1909.**

**SELLING LIQUOR: Indictment: Dramshop Keeper: Local Option.**
The legal effect of the adoption of the Local Option Law in a county is to suspend the operation of the dramshop law therein, so that thereafter one may not be prosecuted for selling liquor in violation of the dramshop law.

Appeal from Hickory Circuit Court.—*Hon. Argus Cox,* Judge.

REVERSED.

*W. A. Dollarhide* for appellant.

(1) The legal effect of the adoption of the local option law is to suspend the dramshop law in the locality where the local option law is adopted. Ex parte Swann, 96 Mo. 44; State v. Beam, 51 Mo. App. 368; Ex parte Handler, 176 Mo. 383. (2) The adoption of the local option law constituted a good defense to a prosecution under the dramshop law for a sale of liquor by a dramshop keeper without a license. State v. Beam, 51 Mo. App. 368. (3) The defendant is only required to make a prima facie showing of the adoption of the local option law. State v. Searcy, 39 Mo. App. 393; State v. Searcy, 46 Mo. App. 421.

*J. W. Montgomery* for respondent.

JOHNSON, J.—Defendant (appellant here) was indicted, tried and convicted in the circuit court of Hickory county on a charge of violating the dramshop law. [Art. 1, ch. 22, Rev. Stat. 1899.] The alleged offense was committed March 16, 1907.

In compliance with the rule of evidence announced in State v. Searcy, 39 Mo. App. 393, and 111 Mo. 236, defendant introduced proof of the adoption in Hickory county of what is known as the Local Option Law in August, 1906, which was long prior to the date of the offense charged in the indictment. The legal effect of the adoption of the Local Option Law was to suspend the operation of the Dramshop Law in Hickory county, and with competent proof before it of the adoption of the law before the date of the offense charged, the court should have discharged defendant. [Ex parte Swann, 96 Mo. 44; State v. Beam, 51 Mo. App. 368; Ex parte Handler, 176 Mo. 383.]

The judgment is reversed. All concur.