THE VILLAGE OF UNION STAR, Respondent, v. CHARLES H. MARTIN, Appellant.

Kansas City Court of Appeals, April 4, 1910.

1. DRAMSHOPS: Local Option: Conflict of Statutes. An ordinance passed under 6010, R. S. Mo. 1899, providing for the regulation and prohibition of dramshops, has no force after the adoption of the Local Option Law.

2. ———: ———. The legal effect of the adoption by election of the Local Option Law is to suspend the operation of the dramshop law in the county where such adoption is made.

3. ———: ———. The Dramshop Law provides for the regulation of dramshops; the Local Option Law prohibits them. The two policies are so radically different and hostile that laws for the enforcement of one cannot be stretched to do duty for the other.

Union Star v. Martin.

Appeal from DeKalb Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED.

*J. W. Sullinger* and *W. M. Fitch* for appellant.

(1) Whenever a change of policy takes place in the State on the subject of its liquor legislation, by the adoption of a different system, as when general prohibition, or prohibition for particular localities is enacted, this has the effect to repeal all the inconsistent provisions in municipal charters and the ordinances adopted under them. Black on Intoxicating Liquors, sec. 224; State ex rel. v. M'Cammon, 111 Mo. App. 626; Platteville v. McKernan, 11 N. W. 798; Ottawa v. La Salle, 12 Ill. 399; Adams v. Stevens, 11 S. W. 427; Turner v. Forsyth, 3 S. E. 649. (2) The adoption of the Local Option Law operates to suspend, in the territory adopting it, the provisions of a prior general law inconsistent therewith and prosecution cannot be maintained for subsequent violations of the law so suspended. 19 Ency. Law (2 Ed.), 51; Com. v. Jerrell, 5 S. W. 763; State v. Yowell, 63 Md. 120; Ranch v. Commonwealth, 78 Pa. St. 490; Rathburn v. State, 88 Tex. 281; Robertson v. State, 5 Tex. Civ. App. 155; Ex parte Lien, 19 Tex. Civ. App. 293; Ex parte Swann, 96 Mo. 44; State v. Wingfield, 115 Mo. 440; State ex rel. v. McCammon, 111 Mo. App. 626; Ex parte Handler, 176 Mo. 389.

*Edward G. Robison* for respondent.

(1) A municipal charter in whatever form is a statute of the State, and the organic law of the corporation, and it gives the municipality its powers to enact by law, in conformity with the charter, and not inconsistent with that State law. St. Louis v. Klausmier, 213 Mo. 130; Quintte v. Railroad, 76 Mo. 404;

Kansas City v. Hallett, 59 Mo. App. 162; St. Louis v. Myers, 185 Mo. 594; 28 Cyc., 365, 366. (2) The change to Local Option Law takes away the authority of the village to grant license, or holds that part of the ordinance in abeyance, but it does not take away the power to punish for illegal sales, or annul the entire ordinance, as the city exercises its powers concurrently with the State, and there is in existence at the same time two laws in any municipality, *i. e.,* the ordinance and State law. Adams v. Fragiaconia, 71 Miss. 417, 15 So. 798; Conn v. Brewing Co., 146 Pa. St. 642; State v. Robinson, 19 Tex. 478; State v. Club, 105 Md. 585; 23 Cyc., p. 108. (3) Where a portion of an ordinance is invalid but that portion is separable from the remainder, and the remainder in itself contains the essentials of a complete enactment, the invalid portion may be rejected and the remainder will stand as valid and operative. St. Louis v. Lessing, 190 Mo. 489; State v. Brockstruck, 136 Mo. 353; Co. Ct. of St. Louis v. Griswold, 58 Mo. 199; Quintte v. St. Louis, 76 Mo. 404; St. Louis v. Klausmier, 213 Mo. 130; Rockville v. Merchant, 60 Mo. App. 368.

JOHNSON, J.—This is a prosecution for an offense against a dramshop ordinance enacted by the village of Union Star, a village organized under the provisions of article VI, Chapter 91, Revised Statutes 1899. Defendant, who was found guilty and fined fifty dollars, brought the case here by appeal.

The complaint charged that "Charles H. Martin on the 12th day of August, 1908, at the village of Union Star, and within the corporate limits thereof, did then and there unlawfully sell intoxicating liquors in less quantities than three gallons, to-wit: one pint of lager beer for the price and sum of 25 cents to Joseph A. Veals and divers other persons unknown to the affiant, without taking out or having a license as a dram-

shop keeper or any other legal authority to sell the same, contrary to said ordinance (Ordinance No. 16) in such cases made and provided and against the peace and dignity of the said village of Union Star."

Ordinance No. 16 was enacted by the village in 1902, pursuant to section 6010, Revised Statutes 1899, which empowers incorporated villages "to provide for the licensing and regulating and prohibiting dramshops and tippling houses." The ordinance was entitled an ordinance "Providing for the licensing of dramshops and prohibiting the illegal sale of intoxicating liquors." In section 1, it thus defined a dramshop keeper: "A dramshop keeper is a person permitted by law, being licensed according to the provisions of the statutes of Missouri, and the ordinances of the village of Union Star, Missouri, to sell intoxicating liquors in any quantity, either at retail or in the original package, not exceeding ten gallons."

The offense alleged in the complaint is a violation of section 3, of this ordinance which is as follows: "No person shall directly or indirectly sell intoxicating liquors in any quantity less than three gallons, either at retail or in the original package, except on prescription, as a druggist or pharmacist, in conformity with the laws of Missouri, within the corporate limits of the village of Union Star, or within one-half mile thereof without first taking out a license as a dramshop keeper."

The ordinance contains fourteen sections, all of which pertain to the licensing and control of dramshops in accordance with the provisions of the general dramshop law.

The following admissions were made by the plaintiff at the beginning of the trial: "It is admitted by the plaintiff that the Local Option Law in relation to the sale of intoxicating liquor was submitted to the voters of DeKalb county, which included the village of Union Star as well as all other parts of DeKalb county.

That the same was duly adopted by a majority of the votes of the legal voters . . . on the 12th day of October, 1907, and that the result of the election was declared according to law and due notice and publication thereof given, and that said Local Option Law was in full force and effect at the time of the filing of this complaint against the defendant, to-wit: On the 3rd day of September, 1908, in DeKalb county and in the village of Union Star, the plaintiff herein, . . . and that at the date of the alleged offense . . . the Local Option Law was in full force and effect in De-Kalb county, Missouri. That said ordinance number 16 . . . was the only ordinance on or concerning intoxicating liquors in the village of Union Star in effect at that time."

In the recent case of State v. Graves, 135 Mo. App. 171, the defendant was indicted, tried and convicted in the circuit court of Hickory county on a charge of violating the Dramshop Law. He introduced competent evidence to prove that before the alleged offense Hickory county had adopted what is known as the Local Option Law. We held: "The legal effect of the adoption of the Local Option Law was to suspend the operation of the Dramshop Law in Hickory county, and with competent proof before it of the adoption of the law before the date of the offense charged, the court should have discharged defendant." [Citing Ex parte Swann, 96 Mo. 44; State v. Beam, 51 Mo. App. 368; Ex parte Handler, 176 Mo. 383.] In the case last cited, the Supreme Court said:

"It seems hardly necessary to argue that when the people of a given county or city elect to avail themselves of the Local Option Law to prohibit the sale of intoxicating liquors in such county or city, a different condition is at once created from that which obtains in counties where it has not been adopted. In the one, regulation only is the object of the law; in the other, prohibition; and the circumstances being different ob-

viously it is entirely within the power and discretion of the Legislature to impose different penaltes in the one from those provided for the violation of the law for the other. As said by Judge BLACK in Ex parte Swann, 96 Mo. 44, 'It is plain that the two laws cannot be in force in the same locality at the same time.' Both are general laws within the meaning of the Constitution of this State though the adoption of the Local Option Act suspends the operation of the general law governing the sale of intoxicating liquors in the counties and localitics where adopted. And as further said by that able and eminent jurist, 'There is no discrimination whatever in favor of or against persons or classes of persons within such territory. They are all treated alike. It is true the penalties for violating this law are not the same as those for violating the dramshop law. They are, indeed, not the same offenses. In the one case the offense is the violation of a law which allows and regulates traffic in intoxicating liquors as a beverage, and in the other case the offense is for selling such liquors where the sale is wholly prohibited by law."

To the same effect is the decision of this court in State ex rel. v. McCammon, 111 Mo. App. 626:

If the effect of the adoption by a county of local prohibition is to suspend the Dramshop Law in that county, we think it inevitably follows that likewise it suspends municipal ordinances bottomed on and modeled after the Dramshop Law. It is a complete change of local polity, a rejection of the system of licensing and regulating the liquor traffic and in its stead, the adoption of prohibition. The two policies are so radically different and hostile that laws for the enforcement of one should not be stretched to do duty for the other. Hence the rule firmly established in this State that the effect of the adoption of local prohibition is to suspend the dramshop laws.

The ordinance in question is dormant and inoperative and no prosecution can be maintained under it. The defendant should have been discharged. The judgment is reversed. All concur.