THE STATE ex rel. CITY OF MONETT, v. B. G. THURMAN, Circuit Judge.

In Banc, July 18, 1916.

1. **LOCAL OPTION: Election Contest: Special Law.** The portion of Sec. 7242, R. S. 1909, authorizing the contest of a local option election is not a special law and is not uncon-stitutional. The Local Option Law itself is neither special nor local, and the contest provisio˜ added in 1909, being germane to the subject-matter of the rest of the act, is no more local or special than the act itself.

2. ———: ———: **General Law Applicable: City as Party.** The amendment of 1909 to section 7242, Revised Statute 1909, which requires the city or county to be made a party in a local option election contest proceeding, is supported by constitu-tional authority, and is not invalid on the theory that the general statute provides that all suits shall be prosecuted by the real party in interest and the city or county has no interest in the contest.

3. ———: ———: **General Law: Exclusive.** Section 9 of article 8 of the Constitution, requiring the General Assembly to regu-late, by a general law, the manner of trial and determination of contested elections of public officers, does not restrict contests to elections of officers. A general law, passed in compliance with said constitutional requirement, provides, as to contested elections of public officers, the sole method, and excludes all other methods; but a constitutional direction with reference to procedure as to a particular and specified matter does not preclude legislative action upon another and different matter; and Sec. 7242, R. S. 1909, which, in ad-dition to adopting the general law, proceeds further and makes some additional provisions for contesting a local option election, does not violate that constitutional provision.

4. ――――: ――――: **Contest Before Adoption.** The result of a local option election may be contested although the returns on their face show a majority against the adoption of the Local Option Law.

5. ――――: ――――: **City as Party.** The statute making the city a party to a local option election contest is not void on the theory that the city has no interest in the contest.

6. ――――: ――――: **Production of Ballot, Etc.: Prohibition.** A circuit judge, before whom a proceeding contesting a local option election is pending, will not be restrained from enforcing an order requiring the city and its officers to produce, to be used in evidence, the ballots, ballot boxes, poll books, returns, records, etc., pertaining to said election, on the ground that the order includes a violation of the constitutional provisions guaranteeing the secrecy of the ballot, where the order on its face discloses no such intention, and the judge's return disclaims any intent of the kind.

Prohibition.

WRIT DENIED.

*I. V. McPherson* and *T. D. Steele* for relator.

(1) The portion of section 7242 under which the election contest is brought and which attempts to provide for the contest of a local option election is a special law and is unconstitutional because a general law providing for the contest of all elections by the people, other than those held for the election of public officers, could have been made to apply. State ex rel. v. Miller, 100 Mo. 439; State ex rel. v. Roach, 258 Mo. 545; Hume v. Railroad, 82 Mo. 231; State ex rel. v. Tolle, 71 Mo. 645; State v. Misicek, 225 Mo. 561; Ewing v. Hoblitzelle, 85 Mo. 540; State ex rel. v. Pond, 93 Mo. 606; Sec. 57, art. 4, Mo. Constitution; Secs. 11655, 9703, R. S. 1909; Secs. 16, 12, 22, 20, art. 9, Constitution; Secs. 9545, 8187, R. S. 1909; Chap. 119, art. 1, R. S. 1909; Secs. 1909, 1910, 8187, 8529, 1251, 1250, 1249, 3368, R. S. 1909; Secs. 11, 12a, art. 10, Constitution; Secs. 9927, 9949, 10879, R. S. 1909; Laws 1915, p. 387; Sec. 9,

Schedule, Mo. Constitution. (2) The court has no jurisdiction to try the suit to contest the local option election, for the reason the only law on the subject (Sec. 7242, R. S. 1909) is a special law, regulating the practice and jurisdiction in judicial proceedings as conducted in courts and is therefore in direct conflict with the provisions of paragraph 17, section 53, article 4, Constitution of Missouri. Dunne v. Cable Railroad, 131 Mo. 1; State ex rel. v. Miller, 100 Mo. 439; State ex rel. v. Roach, 258 Mo. 545; Secs. 1727, 1729, 1732, 1733, 5924, 5957, 5958, 5959, R. S. 1909; Sec. 4, art. 2, Constitution. (3) The portion of Sec. 7242, R. S. 1909, which attempts to provide that a contest of a local option election may be tried in court, is unconstitutional and void because in direct conflict with the provisions of section 9 of article 8 of the Constitution and for that reason the Barton Circuit Court is without jurisdiction to try the action to contest the election. Henderson v. Koenig, 168 Mo. 356; State ex rel. v. Imel, 242 Mo. 301; State ex rel. v. Burkhead, 187 Mo. 14. (4) The court is without jurisdiction to try the suit to contest the election because there is no law in force or effect authorizing the proceedings and because there was no statutory or constitutional provision in force and effect authorizing the proceeding at the time the action was instituted. Sec. 7242, R. S. 1909; State ex rel. v. Pond, 93 Mo. 606; State ex rel. v. Mayor St. Joseph, 37 Mo. 270; St. Louis v. Alexander, 23 Mo. 483; State v. Winkelmeier, 35 Mo. 103; State ex rel. v. Wilcox, 45 Mo. 458; State v. Scearcy, 46 Mo. App. 427; State v. Scearcy, 111 Mo. 227; State ex rel. v. Wightman, 232 Mo. 392; Nance v. Kirby, 251 Mo. 374. (5) Even if the provision of section 7242 is valid and is in force, the court's order requiring the production and exhibition of all the ballots voted in said election is in excess of jurisdiction and an abuse thereof and should be prohibited. Sec. 3, art. 8,

Constitution; Secs. 5822, 5899, 5904, 5905, 5919, 5939, 5940, 5941, 5943, R. S. 1909; Gantt v. Brown, 238 Mo. 571.

*D. S. Mayhew* for respondent.

BLAIR, J.—By this proceeding the exercise of our original jurisdiction in prohibition is invoked. The pertinent allegations of the petition for the writ are that a local option election was duly called and was held in the city of Monett; that the result of the election was a majority for the sale of intoxicating liquors; that thereafter certain citizens of Monett, proceeding under section 7242, Revised Statutes 1909, gave notice of contest, in which notice it was charged, among other things, that the poll books, returns, canvass and recorded result of the election were false by reason of mistakes and frauds in the election and the voting and in the ascertainment of the result; that the majority of the lawful votes were cast against the sale of intoxicating liquors and that the result so should have been declared, and that the court now so should declare the result upon a fair count. Then followed a prayer that the poll books, returns, ballots and results be purged of errors, frauds and mistakes. The notice then stated that "contestants further specify grounds for the contest of the said election . . . as follows." Thereupon it was charged that eighty-eight named persons, alleged to be disqualified for various reasons, cast ballots which were counted for the sale of intoxicating liquors.

A counter notice was filed which attacked, on various grounds, the constitutionality of the election contest provision in section 7242, Revised Statutes 1909, and charged that the poll books, returns, canvass and declared result were false and incorrect by reason of mistakes and frauds of disqualified persons

who cast ballots which were counted aainst the sale of intoxicating liquors, and prayed that the court purge the poll books, canvass, ballots and declared result, of such frauds and mistakes. The counter notice then named twenty-one persons and alleged they were disqualified but cast ballots which were counted against the sale of intoxicating liquors. The counter notice also contained charges of irregularities of various kinds during the election.

After the filing of the notice and counter notice, the venue was changed from Barry to Barton County. Respondent is the judge of the circuit court of Barton County. In the course of the proceedings, the circuit court of Barton County entered its order as follows: "Now, on this day, comes said parties by their respective attorneys, and upon hearing plaintiffs' application for orders concerning the preservation and production of evidence, it appears to the court, viz: "

Then follows a paragraph naming the city officers who are in charge of the "ballot boxes, ballots, poll books and certificates used and made at and concerning and returned from the 'local option election' mentioned." Another paragraph names the city clerk and recites that he has charge, for the city, as agent and custodian, of the boxes, books, certificates and returns and the journal of the proceedings of the mayor and council purporting to show the canvass of the returns and the ascertainment and declaration of the result of the election, and proceeds: "That for the proper and fair trial of the issues presented by the pleadings in this case, each and all of the above mentioned boxes, ballot boxes, certificates, journals and records are material and necessary items of evidence for the establishment of the truth of the issues and opposing contentions presented for trial by the court." Another paragraph names the judges of election who are in charge of

the duplicate poll· books, and the final paragraph is as follows:

"Now, therefore, the court does now order and require of the defendant city and its mayor and councilmen and its clerk and of the said election officers, the production by them respectively of the said ballots and ballot boxes, poll books, certificates, returns, records, journals, documents and things so in their possession or control at the trial of this cause for use therein as evidence, and that they, each and all, be, and they are ordered and required in the meantime, to safely and securely hold, retain, preserve and maintain the same intact and free from injury in any way, and that these orders be and continue effective in all respects untill further ordered by this court, and that mandates accordingly issue to them, and that they each and all. be summoned by subpoena *duces tecum* as witnesses, and respectively required to produce the said instruments of evidence at such times and places as shall be fixed or designated by the further docketing of the cause or under the order of this court or of its judge, for the taking of evidence or for the trial of the issues in this cause, and that such subpoenas issue by the clerk of this court on request of plaintiffs."

The petition alleges that unless respondent is prohibited he will enforce the order set out, and then sets forth the various legal objections to which the order is thought to be obnoxious, and prays that respondent be prohibited from proceeding with it.

The return disclaims any intent on respondent's part to violate any of the numerous constitutional provisions invoked by relator in its petition, and then advances argument in support of the validity of the order. This last' is in response to the numerous constitutional questions tendered by the petition.

Upon the coming in of the return, relator moved for judgment on the pleadings. Further references

to the pleadings will be made in the opinion as the necessity may arise.

I. It is contended the portion of section 7242, Revised Statutes 1909, purporting to authorize the contest of a local option 'election, is a special law and, therefore, unconstitutional. The argument is that a general law providing for the contest of elections, under the initiative and referendum, elections involving city charters, tax levies, bond issues, acquisition of public utilities, extension of city limits, approval of franchises, to provide public buildings, organization of school and road districts, adoption of the stock laws and the like could have been made to apply, and that there is no distinction between elections of these sorts and local option elections of a character justifying the treatment of the latter as a separate class for the legislative purpose evinced by the contest amendment to the section mentioned.

To the Local Option Law itself objection was strenuously made that it was special and local and, therefore, void by force of the constitutional provision relator now invokes. This court held that objection untenable (Ex parte Swann, 96 Mo. 44; State ex rel. Maggard v. Pond, 93 Mo. 606) and that conclusion carries with it another which is that the contest provision added in 1909, being germane to the subject-matter of the act, is no more local or special than the rest of the act. Further, the grounds justifying the treatment of local option elections as a distinct class for legislative action are the same as those justifying the submission of the act to an election in the first place. The general rule (State ex rel. v. Roach, 258 Mo. l. c. 564) requiring classification for legislative action to be based upon some distinctive feature germane to the subject-mat-

*Class Legislation.* (margin note)

ter of the legislation sought to be applied exclusively to such class, is satisfied in this case.

II. It is next insisted the amendment of 1909 to section 7242, Revised Statutes 1909, is violative of the constitutional inhibition (Sec. 53, art. 4, Constitution) upon the passage of local or General Law special laws regulating practice in the Applicable. courts. The basis of this contention is that the general law provides that all suits shall be prosecuted by the real party in interest and, relator asserts, the city, made defendant by the statute (Sec. 7242, R. S. 1909) is without interest in the matter. Thus, relator concludes this particular proceeding is made an exception to the general law and the amendment is therefore void. [Art. 4, sec. 53, par. 33, Constitution.] Whatever of substance there is in this argument is answered by the fact that the amendment to section 7242 incorporates, by reference, the general contest provision as to practice in contest proceedings, for the enactment of which provision there is direct constitutional authority. [Sec. 9, art. 8, Constitution of Missouri.] We see no reason for doubting the existence of legislative authority to provide that the city (or county) shall be named as defendant in local option contest proceedings and proceeded against as the representative of all persons interested. [State ex rel. v. Carter, 257 Mo. 52.]

III. Another contention is that the contest provisions of section 7242 are unconstitutional because of conflict with section 9, Exclusive article 8, Constitution of Missouri, reading Legislative Action. as follows: "The trial and determination of contested elections of all public officers, whether state, judicial, municipal or local, except governor and lieutenant governor, shall be by the courts of law or by one or more of the judges thereof. The

General Assembly shall, by general law, designate the court or judge by whom the several classes of election contests shall be tried, and regulate the manner of trial and all matters incident thereto; but no such law, assigning jurisdiction or regulating its exercise, shall apply to any contest arising out of any election held before said law shall take effect.''

The General Assembly long ago passed the general law intended by this section, and section 7242 adopts its provisions as to jurisdiction and procedure in local option contests. The section of the Constitution set out does not restrict contests to elections of officers. As to such contests it provides the sole method and excludes other methods (Henderson v. Koenig, 168 Mo. l. c. 369 et seq.), but we find no authority for the conclusion that a constitutional direction with reference to procedure as to a particular and specified matter precludes all legislative action upon another and different matter.

IV. It is urged that the Local Option Law could not take effect until adopted; that the con-
Contest Before Adoption. test provision in section 7242 is a part of that law; that it, therefore, could not take effect until the law was adopted; that election contests are unknown to the common law; that the law has not been adopted in Monett; hence, it is contended, it follows there is no law in force authorizing a contest of the Monett election.

This argument proves too much. Strictly applied it would prevent the holding of local option elections. The provision for the election is as much a part of the act as is the amendment to section 7242. So far as concerns the contest proceedings, they are *in pari materia* with the provisions concerning the procedure prior to the calling of the election and the holding of the election, and simply constitute a part of the ma-

268 Mo.—35

chinery provided for determining the result of the election.

V. It is insisted the city has no real interest in a local option election contest and that the statute making it a party thereto is void since, it is said, it requires the city to expend public funds, for a private purpose. The payment of costs, if exacted, is the only expenditure which could be said to be devolved upon the city by the act. This record does not present the question whether the city could be compelled to pay costs. Whether it could be so compelled can be determined when the question is presented.

*City as Party to Contest.*

VI. So far as concerns the argument that the enforcement of the order above set out necessarily includes the violation of the constitutional provisions guaranteeing the secrecy of the ballot, we are of the opinion the order does not require such construction. The return disclaims any intent of that kind. We shall not assume that respondent will disregard the law upon this subject, but, on the contrary, shall assume that he will be guided by our decisions (Gantt v. Brown, 238 Mo. 560) in the enforcement of the order. The issues made seem to call for a general recount of all the ballots and a more particular examination of over one hundred against which specific objection is lodged. The duty and power of the trial court in such circumstances is well defined and the learned trial judge was right in preserving the evidence necessary to the performance of that duty and the exercise of that power. The preliminary rule is discharged and the petition dismissed. All concur, except *Woodson, C. J.,* absent, and *Bond, J.,* not sitting.