THE STATE ex rel. HENRY C. KIRCHNER v. JOHN W. McELHINNEY, Judge of Circuit Court, and EDWARD TIFFIN, Clerk of County Court.

In Banc, February 13, 1924.

1. **ELECTION CONTEST: In Counties of One Hundred Thousand Inhabitants: Ballots.** By the Act of 1923, Laws 1923, page 179, pertaining to nominations, elections and election contests in counties having one hundred thousand inhabitants and providing

for the appointment of election commissioners in such counties, the Election Commissioners of St. Louis County, immediately upon their appointment, became legal custodians of the ballots cast for circuit clerk at the election held in 1922, and chargeable with all the duties with respect to them, including the duty to open the ballot boxes and to re-count the ballots, that had previously been performed by the county clerk.

2. ———: **Special Jurisdiction: Express Authority: Recount of Ballots.** Election contests are special and summary in nature, and courts in which they are cognizable have only a limited and special jurisdiction in respect to them, and can exercise only such powers as are expressly conferred by statute and such others as may be incidentally necessary to the execution of those expressly given.

3. ———: **Recount of Ballots: In Counties Having One Hundred Thousand Inhabitants: By County Clerk or Election Commissioners.** An election contest having been instituted in St. Louis County for the office of circuit clerk, the circuit judge on June 16, 1923, caused to be issued a writ commanding the county clerk to open the ballot boxes and count the ballots cast at the November election, 1922, and the county clerk gave notice to the contestee that on June 25th he would proceed to open the boxes and re-count the ballots. On that day (June 25th) an Act of the Legislature, investing in a board of election commissioners in such county exclusive power to open the ballot boxes and re-count the ballots cast at such election, went into effect. *Held*, that said legislative act had not gone into effect when said writ was issued, and the circuit judge could not consider it, or even notice it, and he did not in any wise exceed his jurisdiction in issuing his writ to the county· clerk to open the ballot boxes and to re-count the ballots, but the writ was in accordance with the statute in force at the time the writ was issued.

4. ———: **Prohibition: County Clerk as Respondent.** The duties of the county clerk with respect to opening and counting ballots in an election contest are purely ministerial, and his acts in reference thereto cannot be controlled by the writ of prohibition; and in a prohibition proceeding brought against the circuit judge, based on an allegation that in issuing his writ commanding the county clerk to open and count the ballots he had exceeded his jurisdiction, the county clerk is not a proper respondent.

## *Prohibition.*

PRELIMINARY RULE DISCHARGED.

*Jos. C. McAtee* for relator.

(1)   Edward Tiffin was without authority to proceed to open the ballots and conduct a recount upon the 25th day of June, 1923.   (2)   Judge McElhinney could not make an order to Tiffin to recount the ballots when it appeared at the time that Tiffin had been divested of jurisdiction.   (3)   Under Sec. 4912, R. S. 1919, Tiffin was required to give five days' notice of his intention to recount the ballots, and the notice given on June 20, 1923, was a notice of his intention to do a thing at the end of the five days that would have been invalid and unlawful.   (4) The Act of 1923, relating to elections in counties having more than one hundred thousand inhabitants and creating a board of election commissioners for such counties, divested Tiffin of all the jurisdiction to proceed in the manner set forth in his return.   (5)   The word "hereafter" applies to existing as well as to prospective conditions.

*James E. Hereford* for respondents.

(1)   Every act of each respondent, complained of by relator, was performed because required by the provisions of the law in force at the time such acts were performed.   Upon request of contestant the writ to the county clerk must issue as of course and upon receipt of the writ from the circuit court the clerk of the county court was required to "at once" fix a day for proceeding with the recount of the ballots.   R. S. 1919, secs. 4911, 4912.

(2)   The law presumes that a public officer will do his duty under the law and that courts will decide the law correctly, and this notwithstanding general declarations previously made to the contrary, for the obvious reason that no officer can legally act or legally decline to act until a matter is legally presented calling for official action. State ex rel. Murphy v. Burney, 269 Mo. 602, 611; Chillon v. Metcalf, 234 Mo. 27; State ex rel. Abbott v. Adcock,

225 Mo. 335. 361. (3) It is presumed that courts will pursue the proper course if their power is properly invoked, and this court will not assume that if a new and different law goes into effect in the future respondents will not comply with the terms of the new law. Roney v. Organ, 176 Mo. App. 234, 242; State ex rel. City of Monett v. Thurman, 268 Mo. 537. (4) The new registration law applicable to St. Louis County undertakes to set out particularly and specifically and also in general terms the articles to be turned over to the election commissioners by the county clerk, and does not include ballots. Under the recognized rules of *expressio unius* and *ejusdem generis* the ballots are not to be turned over by the county clerk but are to be retained by said county clerk. If the county clerk retains custody of the ballots, he must make the re-count. Laws 1923, p. 194; State ex inf. Conkling v. Sweaney, 270 Mo. 685, 692. (5) It is the duty of the court to carry out all the provisions of a statute and to make thereof a consistent and harmonious whole. This can be done only by giving to the county clerk custody of the ballots cast in previous elections and the right to count them, and to the election commissioners complete jurisdiction over elections "hereafter" held. Laws 1923, p. 194; State ex rel. King v. Board of Trustees, 192 Mo. App. 583; State v. Theodore, 191 S. W. 422.

RAGLAND, J.—Original proceeding in prohibition. The petition, which was filed June 23, 1923, sets forth in substance that at the general election held in November, 1922, relator and one Byrd Anne Yore were candidates for Clerk of the Circuit Court of St. Louis County; that relator received the certificate of election, and was thereafter duly commissioned for a term of four years, commencing January 1, 1923; that in due time said Byrd Anne Yore instituted in the Circuit Court of St. Louis County a contest to contest the election of relator; that thereafter on June 16, 1923, respondent, John W. McElhinney, as judge of said circuit court, caused to be issued a writ commanding the respondent Tiffin, as clerk

of the county court, to open the ballot boxes and count the votes cast at the election in contest; that respondent Tiffin, acting under said writ, caused to be served upon relator on June 19, 1923, a notice in writing that on June 25, 1923, at nine o'clock A. M., he would proceed to open the ballot boxes and begin a re-count of the ballots; that by reason of an Act of the General Assembly vesting in a board of election commissioners all the powers and duties of the County Clerk of St. Louis County pertaining to elections and election contests, which would go into effect June 25, 1923, the respondent Tiffin on that date would be wholly without authority or jurisdiction to open and re-count the ballots pursuant to the notice so given by him; and that respondent circuit judge "in issuing said writ at the time . . . stated, with knowledge of the passing of said act and the time of its taking effect, . . . acted beyond his jurisdiction, for the reason that the law requiring five days notice to contestee made the execution of said order impossible." It prays that the respondents and each of them be prohibited from proceeding further in the matter of the opening and re-counting of the ballots by the respondent Tiffin.

In his return to the preliminary rule, the respondent judge set forth the pendency of the election contest in his said court, the application in that proceeding by the contestant for an order directing the county clerk to open the ballot boxes and recount the votes cast for contestant and contestee, and the issuance of a writ in conformity with such application and the law then in force. He further stated that thereafter, on the 20th day of June, 1923, the contestee, relator herein, filed a motion in the election contest proceeding asking the court to recall its order directing the issuance of the writ to the county clerk commanding him to recount the ballots and certify the result to the court, on the ground that before said clerk could begin said count the new election law applicable to St. Louis County would go into effect

and he would then have no right to open the ballot boxes and re-count the ballots as commanded by the writ, that he as judge of the court overruled the motion, on the ground that the order was properly and legally made in accordance with the provisions of the law existing at that time; that at the time of overruling said motion he announced "that when the new law went into effect the court would, upon application, make such other and further orders as the law and justice might require;" and that since overruling the motion to recall the writ to the county clerk, he had not threatened to take any further action in the matter of having the county clerk re-count the ballots, but that he had refused, and was still refusing, to take further action in that behalf.

Respondent Tiffin in his return, after setting forth the pendency of the election contest, the issuance of the writ commanding him as county clerk to open and re-count the ballots and the giving of notice by him of the day fixed for such re-count, asserted that the new election law, applicable to St. Louis County, would not deprive him of the custody of ballots cast at an election held before the going into effect of such law, and. that as such custodian he would still have the right after the new law became effective to proceed to re-count the ballots, under the order of the circuit court.

After the returns, summarized above, were made by respondents, relator filed his motion for judgment on the pleadings. The issues of law thus presented for determination are: (1) Whether the Act of the General Assembly,· providing for registration of voters and holding of elections, including primary elections, in counties having more than 100,000 inhabitants, and creating a board of election commissioners for such counties (Laws 1923, page 179), and which went into effect June 25, 1923, divested the County Clerk of St. Louis County of all powers and duties with respect to the custody, and the re-count in pending election contests, of ballots cast in an election held before the act became effective; and (2) if it be held that such powers and duties on the part of the

county clerk did cease upon the coming into effect of the new act, did the circuit court exceed its jurisdiction in ordering the county clerk to re-count the ballots, at a time so shortly before the act would take effect that he could not effect a re-count before his authority so to do would be terminated by it?

I. The act above referred to creates for St. Louis County (and such other counties as come within its terms) a board of election commissioners, and in terms invests such board with "full and complete power to conduct any and all primary, general and special state, county and city elections in such county and to receive and certify the returns thereon." [Sec. 26.] In addition to this general grant of power, Section 36 of the act provides that "said election commissioners . . . shall have charge of and make provision for all elections . . . and . . . certify the returns thereof," and that "all powers and duties now vested in and required of county clerks and county courts and board of canvassers pertaining to nominations, elections and election contests in such counties shall hereafter vest in and be required of and be performed by the board of election commissioners . . ." This specific language when considered in connection with the scope and tenor of the act as a whole makes it plain that it was the legislative purpose to clothe the board of election commissioners thereby created with the full power to provide for and conduct elections and declare the results thereof, to the exclusion of every other agency. In express terms it strips county clerks, county courts and boards of canvassers of every vestige of authority "pertaining to nominations, elections and election contests."

Said Section 36 further provides that "upon the appointment of said election commissioners . . . the county clerk of such county or other custodian of said property shall, upon demand, turn over to such board of election commissioners all poll books, tally sheets, ballot boxes heretofore used and all other books, forms,

blanks, stationery and property of every description in his or their hands in any way relating to registration, elections, primaries or nominations within such county. Because the word "ballots" was not used in cataloging the things that were to be turned over to the election commissioners, it is claimed that the Legislature intended that the county clerk should continue as the custodian of the ballots cast at elections held before the going into effect of the act. From this premise it is further argued that as the county clerk remains the custodian of such ballots, the duty of opening and recounting them when necessary in election contests still devolves upon him. Such inference, however, may not be drawn in the face of the plain and positive language of the statute, "all powers and duties now (the time of the going into effect of the act) vested in and required of county clerks . . . shall hereafter (after the going into effect of the act) vest in and be required of and be performed by the board of election commissioners." Under the old law the duties of the county clerk of St. Louis County with reference to ballots delivered to him after an election were, to deposit them in his office, safely perserve them, guard them against inspection, except in cases of contested election, or when they were necessary to be used in evidence, and at the end of twelve months publicly destroy them. The new law wholly divested him of these duties and imposed them upon the board of election commissioners. Indeed, the county clerk's one duty "pertaining to . . . elections contests," to open and re-count the ballots and certify the result as provided by Sections 4911-4915, Revised Statutes 1919, was in express terms taken from him and enjoined upon the board of election commissioners. In view of these explicit provisions there can be no doubt but that upon their appointment the Election Commissioners of St. Louis County immediately became, by force of the statute, the legal custodians of the ballots in question and chargeable with all

the duties with respect to them that had theretofore been performed by the county clerk.

II.   Election contests under our statute are special and summary in nature.   The courts in which they are cognizable have, therefore, with respect to them, only a limited and special jurisdiction; they can exercise only such powers as are directly conferred upon them by the statute and such others as may be incidentally necessary to the execution of those expressly given.   If therefore the Circuit Court of St. Louis County ordered the ballots cast in the election in contest to be opened and counted by any other than the officer specifically designated for that purpose by the statute in force at the time, it exceeded its jurisdiction.   But it did not do that.   It issued its writ to the county clerk in accordance with the mandate of the statute then in force.   It is true that the Act of the Legislature creating a board of election commissioners for St. Louis County had been passed, and would go into effect June 25, 1923, but until it did go into effect it had no existence as a law.   Under the Constitution it had no effect whatever until ninety days after the adjournment of the session at which it was enacted.   It could not therefore be taken into consideration, or even noticed, by the court when it issued its writ commanding the opening and re-counting of the ballots on June 16, 1923.   [State v. Bockelman, 240 S. W. 209, 212.]

Since the issuance of our preliminary rule herein the act above referred to has gone into effect.   There is nothing in the record to indicate that the Circuit Court of St. Louis County, or the respondent judge thereof, will not in all respects conform the further proceedings to be had in the pending election contest to the requirements of the law as modified by such act.   That court has not thus far exceeded its jurisdiction in that proceeding in any respect, and we are bound to assume, in the absence of any showing to the contrary, that it will not hereafter do so.   [State ex rel. v. Thurman, 268 Mo. 537, 546.]

As the duties of the county clerk in the opening and counting of ballots in election contests are under the general law purely ministerial, his actions with reference to them could not, in a proceeding directed solely against him, be controlled by prohibition. The County Clerk of St. Louis County was evidently made a party defendant to this proceeding on the theory that under the writ issued to him he was acting in subordination to the circuit court and under its directions and supervision. If so, his further action in the premises will no doubt be restrained by that court.

The preliminary rule is discharged and the petition dismissed. *Woodson, C. J.,* and *David E. Blair, Walker, White, James T. Blair* and *Graves, JJ.,* concur.

---

Headnotes 1, 2 and 3:  Elections: 1, 20 C. J. sec. 250;  2, 20 C. J. sec. 270 (1926 Anno);  3, 20 C. J. sec. 351 (1926 Anno).  Headnote 4: Prohibition, 32 Cyc. 602, 625.